**UNITED STATES of America, Appellee,**

v.

**Michael Gregory AYD, Appellant.**

**No. 93–2228.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 15, 1994.

Decided May 25, 1994.

Paul C. Engh, Minneapolis, MN, argued, for appellant.

Jeffrey S. Paulsen, Asst. U.S. Atty., Minneapolis, MN, argued, for appellee.

Before McMILLIAN, WOLLMAN, and MAGILL, Circuit Judges.

MAGILL, Circuit Judge.

Michael G. Ayd (Ayd) pleaded guilty to federal drug conspiracy charges and was sentenced to a 210–month term of imprisonment. Ayd appeals from the district court's [1] order denying his motion to compel the United States (government) to renew an earlier plea offer of a recommended ten-year sentence (ten-year offer) that the government withdrew in December 1990 before Ayd was indicted. He argues that he was rendered ineffective assistance of counsel because his attorneys failed to communicate the ten-year offer to him before it was withdrawn and that the district court erred in finding that the government properly withdrew the ten-year offer. We affirm.

In May 1990, Ayd was arrested in possession of 3.9 kilograms of liquid fentanyl, a synthetic opiate. His arrest led to Ayd being imprisoned in Minnesota for violating his parole. Ayd expressed a willingness to provide information to the government in exchange for a plea offer relating to any charges that the government might bring for his fentanyl possession. He had great incentive to strike a plea bargain because he was facing a mandatory life sentence if convicted on a new drug offense. On November 13, 1990, the government sent a letter containing the ten-year offer to Ayd's attorneys (Minnesota counsel). The ten-year offer had four conditions that Ayd had to satisfy.[2] On December 21, 1990, the government informed Minnesota counsel that it was withdrawing the ten-year offer because counsel had "indicated that Mr. Ayd is unwilling or unable to satisfy several of the conditions." Appellee's Add. at 3.

The November 13, 1990 letter containing the ten-year offer never reached Ayd. Around the time of the offer, Ayd had been transferred from a Minnesota prison to a Michigan prison to face charges in Michigan. Ayd's Minnesota counsel sent a package of materials, including the letter containing the ten-year offer, to Ayd's Michigan attorney with instructions to forward the package to Ayd. The Michigan attorney attempted to do so, but the package was returned because Ayd had again been transferred. The Michigan attorney apparently made no further attempts to send Ayd the package nor did he

---

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

2. The four requirements were as follows:
   1. The defendant must provide complete and truthful information about any and all persons involved with him in the manufacture, possession and/or distribution of fentanyl, and must agree to testify against all such individuals at any court proceeding;
   2. The defendant must provide complete and truthful information about the involvement in any criminal activity and the whereabouts of John Lambros and Michael Milner. He must also agree to testify against those individuals;
   3. The defendant must agree to return the stolen art work referred to in previous discussions with law enforcement agents to agents of the Drug Enforcement Administration; and
   4. The defendant must provide complete and truthful information sufficient to indict and convict a corrupt federal prosecutor previously identified in general terms by the defendant. Appellee's Add. at 1.

notify Ayd's Minnesota counsel that Ayd had not received the package.

In May 1992, Ayd and several others were indicted on federal drug conspiracy charges relating to fentanyl. Ayd entered into new plea negotiations with the government shortly before trial. Ayd and the government struck a plea agreement under which Ayd agreed to testify against a co-defendant in exchange for a twenty-year sentence. Moreover, the government amended the agreement and recommended a 188–month sentence in exchange for Ayd's testimony against a defendant in another case. *See* Dist.Ct.Doc. No. 109, at 2 (Apr. 21, 1993). Ayd, however, reserved his right to ask the district court to hold an evidentiary hearing on the circumstances surrounding the ten-year offer and to seek specific performance of that offer.

Ayd pleaded guilty to one count of conspiracy to manufacture fentanyl and was sentenced to 210–months imprisonment in April 1993. In October 1993, the district court held an evidentiary hearing relating to the ten-year offer. Ayd was represented at the hearing by one of the Minnesota counsel who he claimed had failed to communicate the ten-year offer to him before it was withdrawn. The parties agreed that Ayd did not timely receive the letter containing the ten-year offer. The district court found, however, that Ayd was never able to perform all of the conditions of the offer. It concluded that the government properly withdrew the offer and that there was no evidence that it did so in bad faith. Moreover, the court found that the government had not been unjustly enriched, because Ayd had conferred no benefit on the government before the new plea agreement. Thus, the court denied Ayd's motion to compel the government to reinstate the ten-year offer. Ayd timely appeals on issues relating to the ten-year offer.

■ Ayd argues that the district court erred in finding that the government properly withdrew the ten-year offer. We disagree. At the time it withdrew the offer, the govern-

ment believed that Ayd was unable to perform the conditions that the offer enumerated. At the hearing, the district court found in fact that Ayd was never able to perform all of the conditions. We agree, particularly as to condition four: "The defendant must provide complete and truthful information sufficient to indict and convict a corrupt federal prosecutor previously identified in general terms by the defendant." Appellee's Add. at 1. Ayd does not even argue that the information he had was "sufficient to indict and convict a corrupt federal prosecutor." Rather, he asserts that his information about the prosecutor "would ... be of great interest to the [g]overnment under nearly any circumstance." Appellant's Br. at 22. Although this may be true, Ayd has not shown that he could perform condition four nor that the government acted in bad faith. Thus, we hold that the government properly withdrew the ten-year offer. *See United States v. Woods,* 973 F.2d 677, 678 (8th Cir.1992) (government properly withdrew plea offer after certain conditions of offer were not satisfied).

■ Ayd next argues that his Minnesota counsel rendered him ineffective assistance of counsel because they never communicated the ten-year offer to him.[3] Under the familiar *Strickland v. Washington,* 466 U.S. 668, 688, 692, 104 S.Ct. 2052, 2065, 2067, 80 L.Ed.2d 674 (1984), standard, Ayd must show that his attorneys' performance fell below an objective standard of reasonableness and that he suffered prejudice as a result of the deficient performance. Ayd has failed to show that he suffered prejudice here because he has not shown that he could perform the conditions of the offer. Because each condition was a prerequisite to Ayd's ability to accept the offer, Minnesota counsel's failure to send him the letter containing the ten-year offer did not prejudice Ayd.

■ Ayd relies on the panel decision in *United States v. Waterman,* 732 F.2d 1527, 1531–32 (8th Cir.1984), *cert. denied,* 471 U.S. 1065, 105 S.Ct. 2138, 85 L.Ed.2d 496 (1985), for the argument that "[t]he [g]overnment's

---

**3.** Although ineffective assistance claims are generally only cognizable in collateral post-conviction proceedings and not on direct appeal, we will consider Ayd's claim because the district court conducted an extensive hearing relating to the ineffectiveness issue. *See United States v. Thomas,* 992 F.2d 201, 204 (8th Cir.1993).

desire that Ayd's information lead to a conviction [of the alleged corrupt prosecutor] is troublesome." Appellant's Br. at 22. That decision, however, has no precedential value because it was vacated in an *en banc* decision. *United States v. Spector*, 793 F.2d 932, 936 (8th Cir.1986), *cert. denied*, 479 U.S. 1031, 107 S.Ct. 876, 93 L.Ed.2d 830 (1987). In any event, even if the plea offer did not require that the prosecutor actually be convicted, Ayd still has failed to show that he had information *sufficient* to indict and convict. Thus, Ayd has not met the prejudice prong of the *Strickland* test.

Ayd next claims that he was rendered ineffective assistance of counsel at the evidentiary hearing relating to the circumstances surrounding the ten-year offer because his attorney had a conflict of interest. His attorney had a conflict, he asserts, because he was the same attorney who failed to send him the letter containing the ten-year plea offer. We need not reach the merits of this ineffective assistance claim, however, because we believe that Ayd waived his right to a conflict-free representation at the evidentiary hearing. As with other constitutional rights, criminal defendants may waive conflicts of interest that their attorneys may have. *See Holloway v. Arkansas*, 435 U.S. 475, 483 n. 5, 98 S.Ct. 1173, 1178 n. 5, 55 L.Ed.2d 426 (1978). The record here reveals that the district court advised Ayd of the potential conflict and the dangers of proceeding with Minnesota counsel; and that Ayd knowingly, voluntarily, and intelligently waived his right to have an attorney unburdened by a potential conflict represent him at the hearing. Thus, that Ayd's attorney may have had a conflict of interest does not entitle Ayd to relief.

We do not see any basis for relief here. Ayd argues that he provided "partial performance" to the government. Appellant's Br. at 25. His "partial performance," however, related to the *new* plea agreement under which he testified against a co-defendant and a defendant in another trial in exchange for a substantial sentence reduction—a recommended 188–month sentence instead of mandatory life. Ayd assisted the government and was rewarded for doing so. That he

eventually provided assistance to the government pursuant to a new plea agreement is not a basis for compelling the government to renew the ten-year offer, the terms of which he could not perform.

For the foregoing reasons, we affirm the judgment and order of the district court.