# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1773NI

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | On Appeal from the United |
| Appellee, | * | States District Court |
| | * | for the Northern District |
| v. | * | of Iowa. |
| | * | |
| Gilberto Alatorre, | * | [To Be Published] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 25, 2000

Filed: March 29, 2000

_____

Before McMILLIAN, BRIGHT, and RICHARD S. ARNOLD, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Gilberto Alatorre challenges the sentence imposed by the District Court[1] after he pleaded guilty to conspiracy to distribute and possess with intent to distribute a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846; possessing with intent to distribute a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(C); and a forfeiture count. His counsel has moved to withdraw

_____

[1]The Hon. Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

pursuant to Anders v. California, 386 U.S. 738 (1967), and has filed a brief raising three challenges to the District Court's application of the Guidelines based on its factual findings, which we review for clear error. See United States v. Brown, 148 F.3d 1003, 1007 (8th Cir. 1998) (standard of review), cert. denied, 119 S. Ct. 1092 (1999).

First, Alatorre challenges the District Court's drug-quantity determination. The government used numbers provided by Alatorre during a post-arrest interview to approximate the drug quantity. At sentencing, the interviewing drug agent testified as to Alatorre's interview statements, and the District Court did not err in relying on this testimony, which supports the Court's drug quantity finding. See United States v. Behler, 187 F.3d 772, 777 (8th Cir. 1999) (district court's assessment of credibility is "virtually unreviewable"); United States v. Milton, 153 F.3d 891, 898 (8th Cir.1998) (court may rely on drug-quantity estimate that has sufficient accuracy), cert. denied, 119 S. Ct. 1082 (1999); U.S. Sentencing Guidelines Manual § 2D1.4, comment. (n.12) (1995).

Second, Alatorre challenges the application of a weapon enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995). We conclude the District Court did not clearly err in finding that the government's evidence showed Alatorre had at least constructively possessed a sawed-off shotgun found adjacent to a bedroom dresser containing drugs and a scale in a residence which he shared with others, and in which some of his personal effects were found. See Brown v. United States, 169 F.3d 531, 532 (8th Cir. 1999) (government must show weapon was present and it was not clearly improbable that weapon had nexus with criminal activity); United States v. Payne, 81 F.3d 759, 762 (8th Cir. 1996) (ownership of weapon or premises is not required under § 2D1.1(b); individual need not be observed using weapon because actual or constructive possession is sufficient, and sufficient nexus is established if weapon was found in location where drugs were stored).

Third, he challenges the application of an aggravating-role enhancement under U.S. Sentencing Guidelines Manual § 3B1.1(c) (1995). We conclude the District Court did not clearly err in crediting testimony that Alatorre had stated two persons worked for him in his drug business. See <u>United States v. Garrison</u>, 168 F.3d 1089, 1095-96 (8th Cir. 1999) (enhancement applicable if defendant supervised even one other participant; enhancement applicable if defendant managed or supervised even one transaction).

In accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have reviewed the record for any nonfrivolous issues and have found none. We now grant counsel's motion to withdraw.

Accordingly, we affirm.

BRIGHT, Circuit Judge, concurring.

The appellant's sentence is 262 months or twenty-one years and ten months. That is a mighty long sentence for a twenty-one-year-old man of Mexican descent and citizenship whose only prior criminal record relates to failure to have a proper driver's license to serve.

Frankly, this prison sentence under the guidelines is a waste of time, money and more importantly, the adult life of a young man. Alatorre is an illegal alien and ought to be deported to his home country in Mexico. Instead, under the federal sentencing guidelines, the sentencing judge became obligated to imprison Alatorre for more than twenty years.

I write this concurring opinion to once again decry these unfair and irrational sentencing guidelines which drive the federal criminal justice system. <u>See</u> <u>United States v. Hiveley</u>, 61 F.3d 1358 (8th Cir. 1995).

Recently, two outstanding law professors, Marc L. Miller and Ronald F. Wright,[2] who have intensely and thoroughly studied the federal sentencing guidelines system, got it exactly right writing an article in the Buffalo Criminal Law Review which I quote below, including its title line:

> Your cheatin' heart will pine some day
> And crave the love you threw away.
> The time will come when you'll be blue,
> Your cheatin' heart will tell on you.
> Hank Williams, 1952

It is hard to know where to begin in describing the disaster that has become federal sentencing reform over the past twenty years. This disaster is all the more disheartening because the reform started with so much promise. Few reform efforts—especially in the area of criminal justice, and especially in the federal system—have had as much hope or thought at their core.

. . . .

However, the sentencing guidelines that emerged from the new administrative process have been one of the great failures at law reform in U.S. history. The collapse was quick, and it has become difficult to defend the current system as the reasoned and principled system we believe Congress and reformers envisioned. The current guidelines are widely hated and in many ways dysfunctional. The expert agency that creates and monitors the guidelines—the U.S. Sentencing Commission— has morphed into an ineffectual caricature of an administrative agency. Rather than achieving honest, wise or equal sentencing, the primary

---

[2]Marc Miller is professor of law at Emory Law School, and founding editor of the *Federal Sentencing Reporter* (Vera Institute / University of California Press). Ronald Wright is professor of law at the Wake Forest University School of Law. Miller and Wright are the editors of *Criminal Procedures: Cases, Statutes, and Executive Materials* (1998).

effects of the guidelines (albeit in conjunction with other developments) have been to occupy increasing portions of the federal judicial workload, to raise the analysis of probation officers above the arguments of lawyers and the reasoning of judges, to shift the type of offenders in the federal system, to shift offenders from state to federal systems, and to pour offenders into federal prisons, for longer and longer periods.

How could such a thoughtful effort go so terribly wrong?

Marc L. Miller & Ronald F. Wright, *Your Cheatin' Heart(land): The Long Search for Administrative Sentencing Justice*, 2 BUFFALO CRIM. L. REV. 723, 723, 726 (1999) (footnotes omitted).

Is anyone out there listening?

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.