# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1133

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court of Nebraska |
| | * | |
| Daniel Steyskal, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 13, 2000
Filed: July 5, 2000

_____

Before:    **WOLLMAN**, Chief Judge, **McMILLIAN**, Circuit Judge, and
**PANNER**,[1] District Judge

PER CURIAM

Daniel Steyskal was charged and convicted by a jury of conspiracy to possess and distribute marijuana and anabolic steroids. He argues on appeal that he was denied conflict-free counsel and that the district court[2] improperly enhanced his sentence for

---

[1]    The Honorable Owen M. Panner, United States District Judge for the District of Oregon, sitting by designation.

[2]    The Honorable William G. Cambridge, United States District Judge for the District of Nebraska.

gun possession and miscalculated the drug quantities. We reject these arguments and we affirm.

1.      Conflict-Free Representation

Steyskal submits that he was denied his Sixth Amendment right to conflict-free representation when the jury was permitted to learn that one of his attorneys also represented a government witness. His attorney's conflict, of course, was evident prior to trial. Indeed, the court expressed concern with the attorney's participation and the conflict of interest that it created. Steyskal insisted, however, that he be permitted to have counsel of his choice and he expressly waived any potential or actual conflict. Such a waiver would arguably eliminate our review of any alleged conflict of interest. See United States v. Brekke, 152 F.3d 1042, 1045-46 (8th Cir. 1998); United States v. Ayd, 25 F.3d 624, 627 (8th Cir. 1994). Moreover, the mere fact that counsel represented a government witness "does not suffice to entitle [Steyskal] to relief." See Simmons v. Lockhart, 915 F.2d 372, 378 (8th Cir. 1990). Rather, Steyskal must show "an actual and demonstrable effect of the conflict, and not merely an abstract or theoretical one." See id.

While we agree with Steyskal that admission of the testimony was problematic, we simply cannot conclude that Steyskal suffered such prejudice so as to warrant reversal of his conviction. See id. Moreover, although the government's comments to the jury on the dual representation and the inference of common drug dealings may have been inopportune, we conclude that, given the record as a whole, the statements could not have affected the jury's verdict and therefore did not deprive Steyskal of a fair trial. See United States v. Wiley, 29 F.3d 345, 351-52 (8th Cir. 1994).

2.    <u>Sentencing</u>

The district court properly enhanced Steyskal's sentence for possessing a gun during the commission of his drug offense. Evidence that a defendant exchanged drugs for a weapon is sufficient to establish the nexus for enhancement. <u>See</u> <u>United States v. Newton</u>, 184 F.3d 955, 958 (8th Cir. 1999); <u>United States v. Rogers</u>, 150 F.3d 851, 858 (8th Cir. 1998), <u>cert. denied</u>, 525 U.S. 1113 (1999). Similarly, evidence that a gun is found in a residence shared by others but in close proximity with drugs is sufficient to establish the requisite possession. <u>See</u> <u>United States v. Alatorre</u>, 207 F.3d 1078, 1079 (8th Cir. 2000).

The court did not improperly calculate the quantity of drugs. There was sufficient, credible testimony regarding the amount of drugs involved in the crimes. <u>See</u> <u>United States v. Purvis</u>, 114 F.3d 737, 740-41 (8th Cir. 1997). Moreover, sufficient evidence linked the shipments of drugs to Steyskal. <u>See</u> <u>United States v. Granados</u>, 202 F.3d 1025, 1028-29 (8th Cir. 1998). Finally, no plain error occurred when the district court referenced "steroids" rather than "anabolic steroids."

We affirm the conviction and sentence imposed by the district court.

A true copy

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT