# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1341

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Marcus L. Hitz, | * | of Nebraska. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted:  January 30, 2001

Filed:  February 2, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Marcus L. Hitz pleaded guilty to conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 846.  The district court[1] sentenced him to 168 months imprisonment and five years supervised release.  On appeal, Mr. Hitz challenges the court's application of a two-level enhancement for possessing a firearm in connection with the offense, see U.S.S.G. § 2D1.1(b)(1), and a three-level enhancement for being

_____

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

a manager or supervisor of the criminal activity that involved five or more participants, see U.S.S.G. § 3B.1.1(b).

We conclude the district court did not clearly err in determining Mr. Hitz possessed a firearm in connection with the offense, given the testimony at sentencing that he provided a gun as payment for drugs. See United States v. Womack, 191 F.3d 879, 885 (8th Cir. 1999); United States v. Newton, 184 F.3d 955, 957-58 (8th Cir. 1999).

Likewise, we conclude the court did not clearly err in applying the aggravating-role enhancement, given the testimony at sentencing that Mr. Hitz regularly had people drive him around during his drug transactions, that he provided for his drivers' living expenses and gave them drugs without charging, that he provided money to others to rent hotel rooms where drug deals occurred, and that he directed one of his drivers to hold some drugs because police officers were near. See U.S.S.G. § 3B1.1, comment. (nn.1-2); United States v. Hyatt, 207 F.3d 1036, 1038 (8th Cir. 2000); United States v. Johnson, 47 F.3d 272, 277 (8th Cir. 1995).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-