# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3408

_____

Charles McKay McNeil,            *
                                    *

            Appellant,       *   Appeal from the United States
                                    *   District Court for the District
     v.                       *   of Minnesota.
                                      *

United States of America,       *      [UNPUBLISHED]
                                    *

            Appellee.        *

_____

Submitted: March 11, 2003

Filed: April 30, 2003

_____

Before McMILLIAN, FAGG, and LOKEN,* Circuit Judges.

_____

PER CURIAM.

The government charged Charles McNeil with distribution of and conspiracy to distribute methamphetamine. A jury convicted McNeil, and he was sentenced to ten years in prison. We affirmed his conviction. United States v. McNeil, 184 F.3d 770, 773 (8th Cir. 1999). McNeil then filed a 28 U.S.C. § 2255 motion asserting his trial counsel rendered ineffective assistance in failing to communicate a pretrial plea

_____

*The Honorable James B. Loken became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2003.

offer to him and in failing to present him for a "safety valve" interview following his conviction.

The district court[**] held an evidentiary hearing on McNeil's plea offer claim. The plea offer provided that in exchange for his cooperation, McNeil could plead guilty to a lesser telephone count in violation of 21 U.S.C. § 843(b), which carries a statutory maximum sentence of forty-eight months in prison. McNeil's trial attorney testified he remembered receiving the plea offer and he normally communicates all offers to clients, but he could not specifically recall communicating the offer to McNeil because almost five years had passed since then. McNeil testified his attorney never communicated the offer, he would have accepted it, and he could have fulfilled the offer's cooperation requirement. On cross-examination, however, McNeil continued to assert his innocence of all charges and state he never had any drug-related dealings with the person against whom the government sought McNeil's cooperation. The district court held it was unnecessary to decide whether the offer was communicated because, even if it wasn't, McNeil failed to show any prejudice. The district court found McNeil would not have accepted the offer or satisfied the cooperation requirement. The district court also found defense counsel's decision not to present McNeil for a safety valve interview was objectively reasonable.

On appeal, McNeil first asserts trial counsel's failure to inform him of the plea offer constitutes ineffective assistance of counsel. To prevail on an ineffective assistance claim, McNeil must show his attorney's performance was not objectively reasonable and the deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To establish prejudice, McNeil must show he would have accepted the plea if it had been communicated to him and could have and would have satisfied the offer's requirement that he cooperate and provide

_____

[**]The Honorable John Tunheim, United States District Judge for the District of Minnesota.

substantial assistance. Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995). Here, the record contains no evidence that McNeil would have acknowledged his guilt before trial. See id. McNeil has steadfastly maintained his innocence, including during his testimony at trial and at the posttrial evidentiary hearing on his § 2255 motion. McNeil has also failed to establish prejudice because he has not shown a reasonable probability that he would have performed the offer's condition by cooperating with the government. United States v. Ayd, 25 F.3d 624, 626 (8th Cir. 1994).

McNeil last contends the district court committed error in denying his safety valve claim without a hearing. This issue is not properly before us because it is beyond the scope of the certificate of appealability. United States v. Robinson, 301 F.3d 923, 927 (8th Cir. 2002).

We thus affirm the district court's denial of McNeil's § 2255 motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-