# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-4039

———————

United States of America,      *

            *

      Appellee,      *

            *    Appeal from the United States

   v.                 *    District Court for the

            *    District of Nebraska.

Ramon Mendoza-Mesa,      *

            *

      Appellant.     *

———————

Submitted: June 17, 2004
Filed: October 8, 2004

———————

Before SMITH, BEAM, and COLLOTON, Circuit Judges.

———————

SMITH, Circuit Judge.

Ramon Mendoza-Mesa appeals the district court's[1] enhancement of his sentence for possession of a firearm during the commission of a drug-trafficking crime. We affirm.

## I. *Background*

On February 5, 2002, authorities arrested Mendoza-Mesa and his co-defendant, Ramero Pineda, following a controlled-buy covert drug operation. Mendoza-Mesa

———

[1] The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

and Pineda sold one pound of methamphetamine for $5,500 to a confidential informant ("CI") who was cooperating with drug task force and Federal Bureau of Investigation agents. The sale occurred in a pick-up truck driven by Mendoza-Mesa (Pineda was the passenger). Officers stopped the truck and took Mendoza-Mesa, Pineda, and the CI into custody. The police recovered 453 net grams of methamphetamine from the CI, who told the police that he had received it from Mendoza-Mesa. Pineda possessed the "buy money" at the time of the arrest. Officers also found a loaded 9mm handgun–later determined to be stolen–under Mendoza-Mesa's car seat. According to officers, during his intake process at the Omaha Police Station, Mendoza-Mesa admitted owning the gun.

Mendoza-Mesa and Pineda were charged with distribution and possession with intent to distribute methamphetamine. Mendoza-Mesa also was charged with possession of a stolen firearm and with possession of the firearm in relation to a drug trafficking crime. Mendoza-Mesa pleaded guilty to the distribution and possession with intent to distribute methamphetamine charge. However, he proceeded to trial on the two remaining gun counts. A jury acquitted Mendoza-Mesa of the two gun counts.

Following trial, the district court directed the United States Probation Office to prepare a Presentence Investigation Report (PSR). Mendoza-Mesa objected to two paragraphs calling for a sentence enhancement for the gun possession and rejecting a reduction for serving a mitigating role in the crime. At the sentencing hearing, the district court overruled Mendoza-Mesa's objections to the PSR. The district court then found that Mendoza-Mesa possessed the firearm during the commission of a drug trafficking offense, thus increasing his offense level by two levels. The district court sentenced Mendoza-Mesa to eighty-seven months' imprisonment, a five-year term of supervised release, and a $100 special assessment.[2] Mendoza-Mesa timely appealed

---

[2] For the volume of drugs involved with this crime, the United States Sentencing Guideline ("U.S.S.G.") § 2D1.1 sets Mendoza-Mesa's base offense level

the district court's enhancement of his sentence for possession of the gun in relation to a drug crime.

## II. *Analysis*

Mendoza-Mesa asserts that the district court erred in assessing a two-level enhancement to his offense level because the government failed to establish that he possessed the gun in connection with the drug crime. He argues that the evidence did not support a finding that there was a substantial nexus between the firearm and the criminal activity. The government responds that Mendoza-Mesa was in control of the vehicle, the gun was found under his seat, and the drug transaction took place in the car, thus establishing the requisite "temporal and spacial relationship" between the gun, the drug activity, and Mendoza-Mesa. In addition, the government notes that the district court credited the police officer's testimony that Mendoza-Mesa admitted at the police station that the gun was his. As such, this credibility determination is

---

at 30, with a criminal history category of I (Mendoza-Mesa had no prior criminal convictions). The sentencing range for this offense level fell between 97 to 121 months' imprisonment. Mendoza-Mesa's sentence was enhanced by two levels to 32, which subjected him to a range between 121 to 151 months' imprisonment. The district court reduced Mendoza-Mesa's offense level by three levels to 29 for acceptance of responsibility, thus subjecting him to a range of 87 to 108 months' imprisonment. He was sentenced to 87 months' imprisonment. Had the district court not enhanced his sentence by two levels for possession of the gun, Mendoza-Mesa's offense level would have been at level 27, subjecting him to a sentence between 70 and 87 months' imprisonment. Notably, Mendoza-Mesa's sentence of 87 months is within the range for both the enhanced and unenhanced offense levels. In light of the Supreme Court's recent decision in *Blakely v. Washington*, 542 U.S. ___, 124 S.Ct. 2531 (2004), and the interpretation of that decision by a panel of our court in *United States v. Mooney*, No. 02-3388, 2004 WL 1636960 (8th Cir. July 23, 2004), *vacated and reh'g en banc granted* August 6, 2004, even if the district court plainly erred in enhancing Mendoza-Mesa's sentence, Mendoza-Mesa suffered no prejudice–and is due no relief–because his sentence of 87 months' imprisonment fell within the unenhanced sentencing range.

practically unreviewable, and is also relevant to support the enhancement. *United States v. Gary*, 341 F.3d 829, 835–36 (8th Cir. 2003); *United States v. Adipietro*, 983 F.2d 1468, 1479 (8th Cir. 1993).

We review the district court's determination that Mendoza-Mesa possessed a firearm within the meaning of U.S.S.G. § 2D1.1(b) for clear error. *United States v. Payne*, 81 F.3d 759, 762 (8th Cir. 1996). Section 2D1.1(b)(1) mandates a two-level enhancement if the government proves by a preponderance of the evidence that the defendant possessed a weapon during the commission of a drug offense. *United States v. Braggs*, 317 F.3d 901, 904 (8th Cir. 2003)*; United States v. Atkins*, 250 F.3d 1203, 1213 (8th Cir. 2001). The government need only establish that "a temporal and spacial relation existed between the weapon, the drug trafficking activity, and the defendant." *Atkins*, 250 F.3d at 1214 (internal quotation and citation omitted). Constructive possession is sufficient to support a § 2D1.1(b)(1) enhancement. *Id*. at 1213. Proof of ownership, use, or actual possession is not necessary. *Id*. at 1213–14.

"It is enough if the gun is 'found in the same location where drugs or drug paraphernalia were stored, or where part of the conspiracy took place.'" *Braggs*, 317 F.3d at 904–05 (quoting *United States v. Jones*, 195 F.3d 379, 384 (8th Cir. 1999) (citation omitted)). We have affirmed the imposition of a two-level enhancement under § 2D1.1(b)(1) based on evidence that the defendant was in the same vehicle where police recovered a handgun belonging to a co-conspirator and methamphetamine manufacturing formulas, among other factors. *Atkin*s, 250 F.3d at 1214; *United States v. Alatorre*, 207 F.3d 1078, 1079 (8th Cir. 2000) (per curiam) (court found constructive possession where shotgun was found in bedroom adjacent to a dresser containing drugs and a scale in a residence the defendant shared with others); *United States v. Moore*, 184 F.3d 790, 794–95 (8th Cir. 1999) (court found sufficient temporal and spatial relation between the defendant, the weapons, and the drugs after police found firearms in defendant's bedroom, along with drugs in the bedroom, the next room, and the basement).

In this case, the gun was found in the car Mendoza-Mesa was driving, the car was used to commit the drug crime, and drugs were found in the car. In addition, the district court credited the police officer's testimony that Mendoza-Mesa admitted that he owned the gun. As such, we conclude that the district court did not clearly err in finding that a temporal and spatial relationship existed between Mendoza-Mesa, the weapon, and the drugs sufficient to support the two-level enhancement under U.S.S.G. § 2D1.1(b). We affirm.

_____