# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4039

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Ramon Mendoza-Mesa, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 1, 2005
Filed: August 30, 2005

_____

Before SMITH, BEAM, and COLLOTON, Circuit Judges.

_____

SMITH, Circuit Judge.

Our initial judgment and opinion[1] in this matter have been vacated pursuant to *Mendoza-Mesa v. United States*, 125 S. Ct. 1409 (2005). Based upon the Supreme Court's summary remand, we review Ramon Mendoza-Mesa's ("Mendoza-Mesa") case in light of the Court's opinion in *United States v. Booker*, 125 S. Ct. 738 (2005). After a careful review of the record, we remand to the district court for resentencing.

_____

[1]*United States v. Mendoza-Mesa*, 384 F.3d 951 (8th Cir. 2004).

At his October 2002 sentencing, Mendoza-Mesa objected to the Presentence Investigation Report ("PSR"), which called for a sentence enhancement for possession of a firearm during or in relation to a drug trafficking offense. But more significantly, Mendoza-Mesa also argued that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), applied or should apply to the Federal Sentencing Guidelines. The district court overruled Mendoza-Mesa's objections to the PSR, finding that Mendoza-Mesa possessed the firearm during the commission of a drug trafficking offense. The district court also rejected Mendoza-Mesa's argument that *Apprendi* applied to the Federal Sentencing Guidelines.

Without the firearm enhancement, Mendoza-Mesa's offense level would have been 27, subjecting him to a sentence range of imprisonment between 70 and 87 months. Mendoza-Mesa was sentenced to 87 months, which was within the range for both the enhanced and unenhanced offense levels. After the enhancement, Mendoza-Mesa's base offense level rose to 32, which subjected him to a sentencing range of imprisonment between 121 and 151 months. However, the district court reduced Mendoza-Mesa's offense level by three levels for acceptance of responsibility, thus subjecting him to a sentencing range of imprisonment between 87 and 108 months.

Mendoza-Mesa timely appealed the firearms enhancement and we affirmed the judgment and sentence imposed by the district court. *United States v. Mendoza-Mesa*, 384 F.3d 951 (8th Cir. 2004). Mendoza-Mesa then sought certiorari to the United States Supreme Court, which was granted. *Mendoza-Mesa v. United States*, 125 S. Ct. 1409 (2005). While this case was pending in the Supreme Court, the Federal Sentencing Guidelines were held to be unconstitutional and no longer mandatory. *Booker*, at 756–57, 769 (2005).

Mendoza-Mesa's sentence is in violation of *Booker* and the Sixth Amendment because he was sentenced under a mandatory guidelines regime on the basis of a fact-based sentencing enhancement that was not tried to a jury. Mendoza-Mesa timely

objected to the firearm enhancement at sentencing on the basis of *Apprendi*, thus we review for harmless error. *See United States v. Pirani*, 406 F.3d 543, 549–50 (8th Cir. 2005) (en banc). Proving harmless error is a burden that lies with the government because they were the beneficiary of the error. *Chapman v. California*, 386 U.S. 18, 24 (1967). In determining whether an error is harmless, Rule 52(a) of the Federal Rules of Criminal Procedure provides that any error which does not affect substantial rights shall be disregarded. *United States v. Haidley*, 400 F.3d 642, 644–45 (8th Cir. 2005). The standard of proof imposed upon the government is dependant upon whether the error is of constitutional or nonconstitutional magnitude. *See, e.g., O'Neal v. McAninch,* 513 U.S. 432, 437–38 (1995) (discussing the two harmless error standards to apply in cases on direct review). If the error is of constitutional magnitude, then the government is required to prove the error was harmless beyond a reasonable doubt. *Chapman,* 386 U.S. at 24. As to errors not of constitutional magnitude, the government is required to establish that we do not have "grave doubt" as to whether the error substantially influenced the outcome of the proceedings. *Kotteakos v. United States,* 328 U.S. 750, 764–65 (1946).

Because this error is of constitutional magnitude, the government is required to prove the error was harmless beyond a reasonable doubt. *Chapman,* 386 U.S. at 24. Mendoza-Mesa's sentence of 87 months was at the bottom of the Guidelines range. *See Haidley*, 400 F.3d at 644–45 (even though defendant received lowest possible sentence, error not harmless even under less stringent *Kotteakos* standard). At sentencing, the district court stated that there was "no reason to depart from the sentence authorized by the sentencing guidelines, notwithstanding that I do have the discretionary authority to do so." That statement appears to have been made in relation to the denial of Mendoza-Mesa's motion for a downward departure based on his alien status pursuant to U.S.S.G. § 5K2.0. In any event, that statement does not speak to whether the district court would have imposed the same sentence under an advisory guidelines system or would have otherwise varied from the applicable Guidelines range based on factors set forth in 18 U.S.C. § 3553(a). We cannot

determine on the record before us that it was harmless error for the district court to sentence Mendoza-Mesa under a mandatory guidelines scheme. Accordingly, we reverse and remand to the district court for resentencing in accordance with *Booker*.

_____