# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-3061

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Jesus Ivan Romero, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: November 15, 2005
Filed: November 22, 2005

———————

Before WOLLMAN, FAGG, and MELLOY, Circuit Judges.

———————

PER CURIAM.

The Government charged Jesus Ivan Romero with a drug conspiracy and a firearm offense. In a tentative plea agreement, Romero agreed to plead guilty to the firearm charge and testify truthfully against other suspects in exchange for dismissal of the conspiracy charge. After Romero refused to testify, however, the Government withdrew the offer to drop the conspiracy charge. Concluding Romero did not fulfill the plea offer's conditions, the district court* rejected Romero's motion for specific enforcement. Without reserving his right to appeal the district court's denial of his

———————

*The Honorable David S. Doty, United States District Judge for the District of Minnesota.

motion to compel specific performance, Romero pleaded guilty to a different charge: aiding and abetting a drug transaction. The district court sentenced Romero to 151 months in prison.

On appeal, Romero claims he is entitled to specific performance of the withdrawn plea offer, despite his refusal to accept its terms. Romero waived this claim by his unconditional guilty plea to a different charge. United States v. Arrellano, 213 F.3d 427, 430 (8th Cir. 2000) (guilty plea waives all nonjurisdictional defenses). Even if the issue were appealable, the district court correctly ruled Romero was not entitled to specific performance because he refused to agree to the offer's condition that he testify against other suspects. See United States v. Ayd, 25 F.3d 624, 626 (8th Cir. 1994) (government may withdraw offer when defendant cannot perform conditions).

Romero also asserts the district court committed error in refusing to grant him a minor role reduction. This assertion fails because Romero did not carry his burden to prove he was entitled to the reduction. United States v. Johnson, 358 F.3d 1016, 1018 (8th Cir. 2004). Romero offered no evidence in support of the reduction and the undisputed facts did not support the reduction.

We thus affirm the district court.

_____