# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3729

_____

United States of America,               *

                             *

         Appellee,           *

                             *   Appeal from the United States

     v.                   *   District Court for the

                             *   Eastern District of Missouri.

Arnold Darrell Ball, also known as   *

Kirt Jamall Jackson,            *   [UNPUBLISHED]

                             *

         Appellant.         *

_____

Submitted: November 15, 2005
Filed: March 8, 2006

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Arnold Darrell Ball appeals the 188-month sentence the district court imposed upon his guilty plea to possessing with intent to distribute 500 grams or more of a cocaine mixture, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). For reversal, Ball argues that *United States v. Booker*, 543 U.S. 220 (2005), effectively overruled *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and that the district court therefore violated the Sixth Amendment in finding that his prior controlled-substance convictions qualified him for sentencing as a career offender under U.S.S.G. § 4B1.1. Additionally, Ball asserts a *Booker* error because, had the district court not treated the sentencing guidelines as mandatory, he would have received a different sentence.

Ball's first argument fails as this court is bound by *Almendarez-Torres*. *See United States v. Torres-Alvarado*, 416 F.3d 808, 810 (8th Cir. 2005) ("[W]e are bound by *Almendarez-Torres* until the Supreme Court explicitly overrules it"); *see also United States v. Marcussen*, 403 F.3d 982, 984 (8th Cir. 2005) (holding that district court, and not jury, determines whether prior convictions subject defendant to be sentenced as career offender), *cert. denied*, 74 U.S.L.W. 3230 (U.S. Oct. 11, 2005) (No. 05-6173).

As to his second argument, however, the district court (understandably) committed error. Ball, citing *Blakely*, objected at his sentencing hearing to mandatory application of the sentencing guidelines. This preserved his *Booker* claim. *See United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 266 (2005). Thus, this court reviews for harmless error, with the government bearing the burden of proof. *See United States v. Mendoza-Mesa*, 421 F.3d 671, 672–73 (8th Cir. 2005). Where the error is of nonconstitutional magnitude, "the government is required to establish that we do not have 'grave doubt' as to whether the error substantially influenced the outcome of the proceedings." *United States v. Haidley*, 400 F.3d 642, 645 (8th Cir. 2005).

In this case, the district court, considering the guidelines mandatory, sentenced Ball to the 188-month minimum. Nothing in the record suggests the district court would have imposed the same sentence if it treated the guidelines as advisory. Thus, this court has grave doubt whether the error was harmless. *See United States v. Cullen*, 432 F3d 903, 906 (8th Cir. 2006).

Accordingly, the sentence is vacated, and this case is remanded for resentencing.

_____