# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-2374

———————

United States of America,

        Appellee,

v.

Jose Reynaldo Martinez, Jr.,
also known as Beans,

        Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of North Dakota.
\*
\*
\*
\*

———————

Submitted:  December 8, 2008
Filed:  February 20, 2009

———————

Before COLLOTON, BRIGHT, and SHEPHERD, Circuit Judges.

———————

SHEPHERD, Circuit Judge.

Jose Reynaldo Martinez appeals his 264-month sentence imposed by the district court[1] following his conviction by a jury for conspiracy to possess with intent to distribute and distribution of a substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  We affirm.

---

[1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota.

Evidence presented in the three-day trial generally showed that Martinez conspired with others to arrange for the transfer of methamphetamine from California to Minnesota and North Dakota and for distribution. As relevant to this appeal, Martinez recruited Israel Flores to sell the methamphetamine in the Fargo, North Dakota area. Flores testified at the trial that he had obtained a .40 caliber handgun from a third individual as payment for a drug debt. According to Flores, he gave the gun to Martinez, and in return, Martinez excused debt Flores owed for methamphetamine. Witness Aaron Mendez, who was receiving methamphetamine from Flores, testified that on one occasion he traveled to Willmar, Minnesota with Flores to obtain methamphetamine from Martinez. On that trip, Mendez observed Flores hand the .40 caliber handgun to Martinez.

Over Martinez's objection, the district court applied a two-level enhancement to his base offense level under United States Sentencing Commission, Guidelines Manual, § 2D1.1(b)(1) for possession of a firearm. The district court calculated a Guidelines sentencing range of 292 to 365 months but imposed a below-Guidelines sentence of 264 months imprisonment, taking into consideration Martinez's lack of criminal history, his ability to live a law-abiding life, and the sentences imposed on coconspirators.

On appeal, Martinez argues that the district court erred in applying the two-level enhancement under section 2D1.1(b)(1) and that the sentence was substantively unreasonable because the district court failed to consider adequately the factors set forth in 18 U.S.C. § 3553(a) such that this court could not conduct a meaningful review of the reasonableness of the sentence.

"We review all sentences, whether inside or outside the Guidelines range, under a deferential abuse of discretion standard." United States v. Pepper, 518 F.3d 949, 951 (8th Cir. 2008) (citing Gall v. United States, 128 S. Ct. 586, 597 (2007)). Our first obligation is to ensure that the district court did not commit a significant

procedural error. Such errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range." Gall, 128 S. Ct. at 597. Only after we perform that review do we address any claim of substantive unreasonableness. If the sentence is outside the Guidelines range, either above or below, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id.

First, Martinez challenges the calculation of his Guidelines range. Section 2D1.1(b)(1) provides that the base offense level in a drug-possession conviction be increased by two levels "[i]f a dangerous weapon (including a firearm) was possessed." USSG § 2D1.1(b)(1). The commentary explains "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Id. § 2D1.1(b)(1), comment. (n.3). We have previously held that the trade of a firearm for drugs warrants the specific offense enhancement. See United States v. Newton, 184 F.3d 955, 958 (8th Cir. 1999) ("[T]he acceptance of unloaded weapons in exchange for drugs satisfies the 'connected with' requirement of section 2D1.1(b)(1)."). We reject Martinez's contention that the district court clearly erred in determining that Martinez possessed the firearm and that its possession was related to the underlying drug offense. See United States v. Braggs, 317 F.3d 901, 904 (8th Cir. 2003) ("We review a district court's finding that a defendant possessed a firearm during a drug trafficking offense for clear error."). The district court based its determination largely on Flores's testimony at trial that he delivered the firearm to Martinez and that Martinez excused a drug debt in return. This is sufficient information upon which the district court could rely to impose the enhancement. See United States v. Quintana, 340 F.3d 700, 702 (8th Cir. 2003) (this court defers to sentencing judge's credibility determinations).

Second, appellant challenges the substantive reasonableness of his sentence. Based on his brief, however, appellant misunderstands the distinction between the procedural requirements mandated in Gall and the question of substantive reasonableness. Although Martinez claims a substantive reasonableness error, he argues procedural error in his brief, specifically that the district court did not adequately consider the section 3553(a) factors and did not express in open court the reasons for imposing the sentence. "A failure to explain adequately the chosen sentence can amount to a significant procedural error in the sentencing process." United States v. Lee, No. 07-3738, 2009 WL 48222, at *1 (8th Cir. Jan. 9, 2009) (citing Gall, 128 S. Ct. at 597). Because Martinez did not object at sentencing to the adequacy of the district court's consideration of the section 3553(a) factors or explanation of the sentence imposed, we review his objection on appeal for plain error. See United States v. Gray, 533 F.3d 942, 945 (8th Cir. 2008).

As a procedural matter, the sentencing transcript shows that the district court considered the section 3553(a) factors, including the grounds presented by Martinez's counsel concerning Martinez's criminal history, family circumstances, and health issues. The court clearly identified "the only significant reason" to impose a sentence below the Guidelines range was because Martinez "had a law-abiding life and there is reason to believe that when he completes his sentence that he could return to being a law-abiding person." "The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances," and "[t]he law leaves much, in this respect, to the judge's own personal judgment." Rita v. United States, 127 S. Ct. 2456, 2468 (2007). Although brief, this explanation for a 28-month downward variance was sufficient to meet the procedural requirements of Gall.

We affirm Martinez's sentence.

-4-

BRIGHT, Circuit Judge, concurring.

I concur but write separately to comment on one point presented in the supplemental briefs, which were requested by the court.

Judge Shepherd's opinion observes that our cases have held that the acceptance of unloaded weapons for drugs can trigger the two-level sentencing enhancement of section 2D1.1(b)(1) of the Sentencing Guidelines. Here, the district court applied the enhancement. Slip op. at 3.

For me, a question arises about the scope of the Supreme Court's recent decision in *Watson v. United States*, 128 S. Ct. 579 (2007), which held that a person who sells drugs in exchange for a firearm does not "use" a firearm under 18 U.S.C. § 924(c)(1)(A).

Although I recognize that this case involves a different provision, U.S.S.G. § 2D1.1(b)(1), it seems to me that *Watson's* reasoning may extend beyond § 924(c)(1)(A).

As noted, we asked for supplemental briefing on whether *Watson* affects the sentencing procedure here. The parties disagree in their supplemental briefs on the merits. But as the government correctly notes, the issue is not properly before us, inasmuch as appellants did not raise that issue in the district court or in their opening briefing with this court. However, I call attention to this matter, which may arise in other cases.

_____