# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3534

_____

United States of America,                     *
                                              *
        Appellee,                          *
                                              *
                                              *     Appeal from the United States
    v.                                        *     District Court for the
                                              *     District of Minnesota.
                                              *
Muhammad Queadir Abdul-Ahad,                  *
also known as Mohammad Queadir                *     [UNPUBLISHED]
Abdul-Ahad,                                   *
                                              *
        Appellant.                         *

_____

Submitted: June 14, 2010
Filed: June 22, 2010

_____

Before BYE, CLEVENGER,[1] and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Muhammad Queadir Abdul-Ahad pleaded guilty to one count of conspiracy to distribute at least five kilograms but less than fifteen kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(a) and 846, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h), (a)(1)(A)(I) and (a)(1)(B)(I)-

_____

[1]The Honorable Raymond C. Clevenger, III, Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

(ii). The district court[2] sentenced him to the mandatory minimum sentence of 120 months. Abdul-Ahad appeals his sentence contending the district court erred in applying a two-level enhancement under United States Sentencing Guidelines Manual (U.S.S.G) § 2D1.1(b)(1) for possession of a dangerous weapon in connection with the offense. He appeals because, absent the dangerous weapon enhancement, he may be eligible for safety valve relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.

At the sentencing hearing, Special Agent David Voth testified that information gathered during his investigation determined the "headquarters" of this narcotics trafficking conspiracy located on Cedar Avenue South Minneapolis (Cedar residence) was associated[3] with Abdul-Ahad. A search warrant of this residence in 2003 uncovered firearms and ammunition. Agent Voth explained the 2003 warrant was obtained because an informant, who was willing to testify at trial, saw Abdul-Ahad with three firearms at this location. Agent Voth also described testimony given to the federal grand jury by two witnesses who met with Abdul-Ahad in a back alley behind the Cedar residence in 2006 to obtain "cocaine and/or crack cocaine." One witness testified he observed Abdul-Ahad with a firearm. In 2007, police discovered cocaine, marijuana, ammunition, and other materials used for drug trafficking at the same residence.

We review the district court's application of the sentencing guidelines de novo and its factual findings for clear error. United States v. Lopez, 416 F.3d 713, 715 (8th Cir. 2005). For a § 2D1.1(b)(1) enhancement to be warranted "the government must simply show that it is not clearly improbable that the weapon was connected to the

---

[2]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

[3]The home was the residence of Abdul-Ahad's mother, Chiffon Williams. Testimony presented at the sentencing hearing sufficiently associates Abdul-Ahad with this residence.

drug offense." United States v. Peroceski, 520 F.3d 886, 889 (8th Cir. 2008). In the present case, there was sufficient evidence for the district court to apply the two level enhancement. In 2003, a search warrant at Cedar residence uncovered firearms and ammunition. The search warrant in 2007 disclosed cocaine, marijuana, ammunition, and other materials used for drug trafficking. Although the guns and drugs were never found within direct proximity to one another, witness testimony placed Abdul-Ahad selling drugs in the back alley and in possession of firearms at the residence during the course of the conspiracy. Based on these facts, the district court did not clearly err in finding the firearms were connected to the drug offense. See United States v. Jones, 195 F.3d 379, 384 (8th Cir. 1999) (stating "[i]t is enough if a gun is found in the same location where drugs or drug paraphernalia were stored, or where part of the conspiracy took place") (citation and internal quotation marks omitted); See also United States v. Martinez, 557 F.3d 597, 600 (8th Cir. 2009) (witness testimony was sufficient evidence for the district court to impose the two-level enhancement).

Abdul-Ahad also argues the district court erred because it relied on the testimony of witnesses who were not credible. On appeal, "a district court's determination as to the credibility of a witness is virtually unreviewable." United States v. Heath, 58 F.3d 1271, 1275 (8th Cir. 1995). Clear error is almost never found unless extrinsic evidence makes the testimony so "inconsistent or implausible on its face that a reasonable fact-finder would not credit it." Id. We conclude the credibility assessment of the district court was not clear error.

We affirm.

_____

-3-