**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 27, 2006**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11139
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ALEJANDRO GAMEZ-MENDOZA, also known as
Mario Sanchez Quintero,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-29-ALL
---------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Alejandro Gamez-Mendoza (Gamez) appeals his 41-month

sentence for illegal reentry after deportation, in violation of

8 U.S.C. §§ 1326 (a), (b)(2) and 6 U.S.C. §§ 202, 557.  The

district court determined, based on an offense level of 13 and a

criminal history category of IV, that Gamez's Guideline

imprisonment range was 24-30 months.  The district court departed

upward 11 months pursuant to U.S.S.G. § 4A1.3, finding that

Gamez's criminal history was substantially under-represented and

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was more comparable to that of a defendant with a criminal history category of VI. Gamez argues that the departure was unreasonable.

This court reviews upward departures for reasonableness, which entails review of the district court's decision to depart and the extent of the departure for abuse of discretion. United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir.), cert. denied, 126 S. Ct. 2954 (2006). The district court here determined that Gamez's five prior immigration-related adjudications and multiple deportations had not deterred him from illegally entering the country and stated that the departure was an attempt to deter future recidivism. The sentencing transcript reflects that the district court also considered the other § 3553(a) factors in reaching its decision. The district court did not abuse its discretion in departing, as the sentence advanced the objectives set forth in § 3553(a)(2) and was justified on the facts of the case. See id.

Gamez next argues that § 1326(b)'s treatment of prior aggravated felony convictions as sentencing factors is unconstitutional. This constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Gamez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the

basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Gamez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, the judgment of the district court is AFFIRMED.