# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

———————————

No. 06-3548

———————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Arnoldo Solis-Bermudez, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

———————————

Submitted: May 16, 2007
Filed: September 13, 2007

———————————

Before MURPHY, HANSEN, and COLLOTON, Circuit Judges.

———————————

HANSEN, Circuit Judge.

Arnoldo Solis-Bermudez pleaded guilty to illegally reentering the United States after being deported subsequent to his conviction for commission of an aggravated felony. See 8 U.S.C. § 1326(a), (b)(2). The district court[1] calculated the advisory sentencing Guidelines range to be 37 to 46 months, and sentenced Solis-Bermudez to 60 months of imprisonment. Solis-Bermudez appeals his sentence. We affirm.

———————————

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

I.

Solis-Bermudez is a Mexican national who entered the United States illegally as early as 1989.[2] In 1997, Solis-Bermudez was convicted of the sale or transportation of a controlled substance in California state court. He was sentenced to 120 days of imprisonment and 3 years of probation. After serving his sentence, Solis-Bermudez was deported. Sometime thereafter, he illegally reentered the country and was deported for the second time in 2003. But Solis-Bermudez was not deterred; he illegally entered the country for the third time, and in Iowa state court in 2004, he pleaded guilty to two counts of lascivious acts with a child for sexually assaulting his 7- and 8-year old nieces. For these offenses, Solis-Bermudez was sentenced to two concurrent five-year prison terms.

While serving his Iowa sentence, Solis-Bermudez was indicted for illegally reentering the country after having been deported subsequent to an aggravated felony, in violation of 8 U.S.C. §1326(a), (b)(2). Solis-Bermudez pleaded guilty, and the district court accepted his plea.

At sentencing, the district court determined that the advisory Guidelines sentencing range was 37 to 46 months, based on an offense level of 17 and a criminal-history category of IV. Solis-Bermudez moved for both a downward departure and a downward variance, arguing that his criminal history category overrepresented his criminal history. The government resisted the motion but did not request an upward departure or variance. The United States Probation Office, on the other hand, recommended that the district court both depart and vary upward to 84 months.

---

[2]We accept the facts set forth in the presentence investigation report (PSR) as true because Solis-Bermudez did not dispute, and does not now dispute, the PSR's factual findings. See United States v. Wintermute, 443 F.3d 993, 1005 (8th Cir. 2006).

The district court denied Solis-Bermudez's motion for a downward departure and his motion for a downward variance. The district court also declined to impose a traditional upward departure under the Guidelines, but the district court did impose a sentence 14 months above the upper end of the advisory Guidelines range. The district court further ordered Solis-Bermudez's 60-month sentence to run consecutive to his Iowa state sentence. This appeal follows.

II.

The only issue raised on appeal is whether the district court abused its discretion by imposing a non-Guidelines sentence. The parties do not dispute the accuracy of the district court's advisory Guidelines calculation.

In the wake of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), we review sentences to determine "whether the district court abused its discretion by imposing an unreasonable sentence on the defendant." United States v. Haack, 403 F.3d 997, 1003 (8th Cir.), cert. denied, 546 U.S. 913 (2005). A district court abuses its discretion if "(1) [it] fails to consider a relevant factor that should have received significant weight; (2) [it] gives significant weight to an improper or irrelevant factor; or (3) [it] considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. at 1004 (internal marks omitted).

Since Booker, we have attempted to carefully distinguish between sentencing departures, which are provided for in Chapter 5, Part K of the United States Sentencing Guidelines (USSG) Manual and in USSG § 4A1.3, and sentencing variances, which are non-Guidelines sentences based on the factors enumerated in 18 U.S.C. § 3553(a). In order to maintain this distinction and to facilitate meaningful appellate review, we have directed district courts to follow a three-step sentencing process. See United States v. Burns, Nos. 04-2901, 04-2933, 2007 WL 2409866, at *3 (8th Cir. Aug. 27, 2007) (en banc) (citing Haack, 403 F.3d at 1002-03). First, the

district court must calculate the appropriate advisory Guidelines range based on the applicable offense level and the criminal history category. Id. Then, the district court should consider whether any traditional Guidelines-based departures apply. Id. And only after completing steps one and two should the district court then consider the other § 3553(a) factors to decide whether to impose a Guidelines or non-Guidelines sentence. Id.

On review, sentences within the advisory Guidelines range–sentences correctly calculated by properly applying the Guidelines following steps one and two–are presumptively reasonable. United States v. Lincoln, 413 F.3d 716, 717 (8th Cir.), cert. denied, 546 U.S. 1081 (2005); see Rita v. United States, 127 S. Ct. 2456, 2462 (2007) (holding that the "court[s] of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines"); cf. Burns, 2007 WL 2409866, at *3 (recognizing that the "advisory [G]uideline sentence," to which the presumption applies, is arrived at after the district court considers a traditional Guidelines departure). This is not to say that non-Guidelines sentences are presumptively unreasonable; they are not. See Rita, 127 S. Ct. at 2467. But "the farther the district court varies from the presumptively reasonable guidelines range, the more compelling the justification based on the § 3553(a) factors must be." United States v. McMannus, 436 F.3d 871, 874 (8th Cir. 2006).

Here, the district court considered departing sua sponte under USSG § 4A1.3(a)(1), which permits an upward Guidelines departure "[i]f reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." But the district court chose not to depart because, under the district court's analysis, "the criminal history is adequate at a criminal history category [IV]." (Sent. Tr. at 16.) Notwithstanding its decision not to depart upward under USSG § 4A1.3(a), the district court chose to sentence Solis-

Bermudez 14 months above the advisory Guidelines range based on the other § 3553(a) factors. The district court reasoned that while Solis-Bermudez's commission of serious crimes and two prior deportations were "reflected in the criminal history and the total offense level," this prior conduct was not "adequately reflected" by the advisory Guidelines range. (Id. at 17-18.) In varying upward, the district court emphasized "the history of the defendant" and his "commi[ssion] [of] a serious crime each time he[] [reentered] the country," concluding that Solis-Bermudez is "a likely recidivist and is likely to commit additional crimes." (Id. at 17.)

Solis-Bermudez contends that the district court abused its discretion by imposing a non-Guidelines sentence.[3] Specifically, Solis-Bermudez argues that the district court acted inconsistently by declining to depart under USSG § 4A1.3(a) for an underrepresented criminal history and then varying upward based on Solis-Bermudez's commission of serious crimes and his potential for recidivism.

We recognize that we have reversed district court variances where the district court's factual determinations supporting a variance are internally inconsistent with the district court's advisory Guidelines findings. See, e.g., United States v. Portillo, 458 F.3d 828, 830 (8th Cir. 2006) (reversing the district court's variance as internally inconsistent where the variance was based on the district court's concern over a witness's credibility, although the district court had implicitly credited that witness's testimony in calculating the advisory Guidelines range); United States v. Brown, 453 F.3d 1024, 1026 (8th Cir. 2006) (same). Similarly, we have cautioned district courts that "substantial variances based upon factors already taken into account in a defendant's guidelines sentencing range seriously undermine sentencing uniformity."

_____

[3]Because Solis-Bermudez does not separately contend that the extent of the variance, as opposed to the district court's imposition of the variance itself, was unreasonable, see United States v. Wadena, 470 F.3d 735, 737 (8th Cir. 2006), and because nothing in the record indicates that the extent of the 14-month variance, given Solis-Bermudez's history, is unreasonable, we do not address this issue further.

United States v. Morales-Uribe, 470 F.3d 1282, 1286 (8th Cir. 2006) (internal marks omitted); see also United States v. Myers, 439 F.3d 415, 418 (8th Cir. 2006) ("Inasmuch as a guidelines sentence reflects a defendant's criminal history, a wide divergence from the guidelines sentence based solely on this single criterion would conflict with the need to avoid unwarranted sentence disparities . . . .").

But our cases continue to recognize that " a guideline departure prohibition does not preclude the district court from considering that factor when the issue is a variance under Booker." United States v. Gatewood, 438 F.3d 894, 897 (8th Cir. 2006); see also United States v. Beal, 463 F.3d 834, 837 (8th Cir. 2006) ("While we do not suggest that section 4A1.3(b)(3)(A) strictly limits the scope of variances post-Booker, it remains relevant to consider the Guidelines and the commentary in our assessment of reasonableness . . . ."), petition for cert. filed, _ U.S.L.W. _ (U.S. Dec. 21, 2006) (No. 06-8498). Because the standards justifying departures under the advisory Guidelines are narrower than the factors enumerated in § 3553(a), "[t]here may well be cases that would not justify a departure under the Guidelines but which are appropriate for a variance." United States v. Robinson, 454 F.3d 839, 842 (8th Cir. 2006); see United States v. Spigner, 416 F.3d 708, 712 n.1 (8th Cir. 2005) (observing that the post-Booker advisory sentencing scheme permits "broader considerations of sentencing implications" than the considerations provided under the advisory Guidelines); United States v. Ryder, 414 F.3d 908, 919-20 (8th Cir. 2005) (remanding for resentencing where the district court, pre-Booker, considered itself constrained by the Guidelines departure standards for age and infirmity, but post-Booker, the consideration of age and infirmity not satisfying the advisory Guidelines departure standards was still proper under the broader sentencing factors of § 3553(a)).

By arguing that the district court's upward variance on the basis of his criminal history and prior deportations was improper because the district court declined to depart under USSG § 4A1.3(a), Solis-Bermudez assumes that the standards identified in USSG § 4A1.3(a) and § 3553(a)(1) and (a)(2)(C) are the same. In his brief, Solis-

-6-

Bermudez urges us to construe the two standards in the same way. But these standards are not the same.[4] Whereas § 3553(a)(1) and (a)(2)(C) broadly permit the district court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to protect the public from further crimes of the defendant," USSG § 4A1.3(a)(1) more narrowly permits an upward departure if the defendant's criminal history category under the advisory Guidelines "*substantially under-represents* the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." (Emphasis added.) Moreover, unlike § 3553(a)(1) and (a)(2)(C), the Guidelines policy statement lists specific circumstances justifying an upward departure for substantial underrepresentation of criminal history, including: foreign or tribal sentences not counted in the criminal history score; prior sentences substantially greater than one year based on independent crimes; prior similar misconduct established by a civil adjudication; whether the defendant was awaiting trial or sentencing at the time of the current offense; and prior similar criminal conduct not resulting in a criminal conviction. USSG § 4A1.3(a)(2).

Solis-Bermudez's second illegal entry into the country, the entry following his 1998 deportation for which he was never charged or convicted, may constitute "[p]rior similar adult criminal conduct not resulting in a criminal conviction," USSG § 4A1.3(a)(2)(E), which could support an upward departure under the Guidelines. However, we see no inconsistency between the district court's discretionary determination that the failure to include this conduct in the criminal history scoring

---

[4] We note that recently, in <u>Burns,</u> this circuit observed that "[b]ecause post-<u>Booker</u> variances must be reasonable with regard to § 3553(a), while substantial-assistance reductions are considered under the rubric of the sentencing guidelines or of § 3553(e) . . . the general analytical approaches and associated standards may diverge." 2007 WL 2409866, at *4 n.2 (citation omitted). However, because <u>Burns</u> was "entirely a substantial assistance departure case," there, it was not necessary to consider whether the standards should diverge. <u>Id.</u>

did not "substantially under-represent[]" the seriousness of Solis-Bermudez's criminal history, USSG § 4A1.3(a)(1), and its decision to impose an upward variance based on the broader § 3553(a) considerations. In deciding to impose an upward variance, the district court did not simply focus on Solis-Bermudez's second illegal entry and the fact that Solis-Bermudez's criminal-history score did not account for that specific conduct. Rather, in imposing a variance based on the nature and circumstances of Solis-Bermudez's offense and his history and characteristics, the district court focused more broadly on the serious character of Solis-Bermudez's accounted-for and unaccounted-for criminal conduct, Solis-Bermudez's pattern of illegal entries into the United States, and the timing between Solis-Bermudez's last illegal entry and his commission of criminal conduct. In the same analysis, the district court also considered Solis-Bermudez's arguments in favor of mitigating his sentence, and, as a result, reduced the extent of the upward variance recommended by the Probation Office by 24 months. Thus, because the district court's decision to impose an upward variance was not based on the exact considerations that the district court determined not to be present under USSG § 4A1.3(a)(1), we find no internal inconsistency in the district court's sentencing analysis and decision.

Here, Solis-Bermudez's history of deportation and illegal reentry, together with his serious criminal record, justified the district court's upward variance. According to the undisputed PSR, Solis-Bermudez began living illegally in the United States in 1989, and he was deported after committing a felony drug offense in 1998. He then reentered illegally and was deported in July of 2003, and he entered illegally for the third time just three months later. Yet only one of Solis-Bermudez's three illegal entries was represented in the district court's advisory Guidelines calculation. Moreover, little more than a year after his third illegal entrance into the country, Solis-Bermudez was arrested for sexually assaulting his two young nieces. Solis-Bermudez's repeated illegal reentry into the United States is strong evidence of his propensity to recidivate. And his sexual assault of his nieces shortly after illegal reentry heightens the significance of this propensity. All of these facts were properly

-8-

considered under § 3553(a), and, taken together, they support the district court's discretionary decision to impose a 14-month variance.

## III.

We conclude that the district court did not abuse its discretion by varying upward and imposing a 60-month non-Guidelines sentence.   Solis-Bermudez's sentence is affirmed.

_____