# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3738

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellee,　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Eastern District of Missouri.
Russell Eugene Lee,　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellant.　　　　　*

_____

Submitted: June 10, 2008
Filed: January 9, 2009

_____

Before LOKEN, Chief Judge, EBEL,[1] and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Russell Lee pled guilty to unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court[2] sentenced him to 57 months in prison. We affirm.

_____

[1]The Honorable David M. Ebel, United States Circuit Judge for the Tenth Circuit, sitting by designation.

[2]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

On October 28, 2006, Lee stole ten firearms from a residence in Ellsinore, Missouri. In August 2007, he pled guilty to unlawful possession of a firearm as a previously convicted felon. The United States Probation Office calculated Lee's advisory guideline range under the United States Sentencing Guidelines as 57 to 71 months' imprisonment, and Lee did not object to that calculation. Lee submitted a sentencing memorandum, however, arguing that the district court should depart or vary downward from the advisory range because of several mitigating circumstances. In particular, Lee argued that his offense was atypical, and cited his alleged diminished mental capacity, an abusive childhood, and what he claimed was an overstated criminal history score under the guidelines. The district court was unpersuaded, and sentenced him to a term of 57 months' imprisonment, at the bottom of the advisory range.

Lee argues that the district court committed procedural error by failing to explain adequately its reasons for selecting a sentence of 57 months' imprisonment. Under the sentencing system in place after *United States v. Booker*, 543 U.S. 220 (2005), a district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). A failure to explain adequately the chosen sentence can amount to a significant procedural error in the sentencing process. *Id*.

The extent of the required explanation, however, varies according to the circumstances of the case. *United States v. Henson*, No. 07-1993, 2008 WL 4964281, at *3 (8th Cir. Nov. 24, 2008). "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation," because "[c]ircumstances may well make clear that the judge rests [her] decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3[5]53(a) and other congressional mandates) in the typical case." *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007). The Supreme

Court observed in *Rita* that when a defendant presents non-frivolous arguments for a variance, "the judge will normally go further and explain why he has rejected those arguments," *id.*, but "not every reasonable argument advanced by a defendant requires a specific rejoinder by the judge." *United States v. Gray*, 533 F.3d 942, 944 (8th Cir. 2008); *see Henson*, 2008 WL 4964281, at \*3. *Compare Rita*, 127 S. Ct. at 2469 (concluding that "[t]he judge . . . considered Rita's lengthy military service, . . . both on active duty and in the Reserve, and Rita's receipt of 35 medals, awards, and nominations"), *with id.* at 2474 (Stevens, J., concurring) (observing that Rita's status as "a veteran who received significant recognition for his service to his country" was "not mentioned" by the district judge, and characterizing this as a "serious omission" and "significant flaw in the sentencing procedure").

Lee did not object at sentencing to the adequacy of the district court's explanation, so we review his contention on appeal for plain error. *Gray*, 533 F.3d at 945. We are not persuaded that the district court's explanation for the chosen sentence was plainly inadequate.

The district court explained that it had reviewed Lee's sentencing memorandum, which set forth his arguments for a more lenient sentence. (S. Tr. 2). After hearing arguments from counsel, however, the district court declared that it would be "giving a guideline sentence in this case." (S. Tr. 7). In announcing Lee's sentence, the court stated:

> In view of the advisory guideline range and the provisions of 18 U.S.C. § 3553(a) and based upon the serious nature of the offense which involved a felon in possession of firearms and in consideration of the Defendant's criminal history, a sentence of 57 months of imprisonment

which represents the low end of the guideline range followed by a two-year term of supervised release would seem to address the sentencing objectives of just punishment, general deterrence and incapacitation.

(S. Tr. 10).

It is evident from this record that the district court considered Lee's arguments for a downward variance from the advisory guideline range, but believed that the advisory guidelines established an appropriate sentence for the typical felon-in-possession case, and that Lee's case was not sufficiently atypical to warrant a more lenient sentence. The court was familiar with Lee's arguments regarding his abusive childhood and mental condition, and it was not plain error for the district court to refrain from addressing them specifically. *See Gray*, 533 F.3d at 944. "The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances," and "[t]he law leaves much, in this respect, to the judge's own professional judgment." *Rita*, 127 S. Ct. at 2468. Particularly with sensitive topics such as diminished mental capacity or childhood abuse, we are reluctant to require that a district judge dwell publicly on these matters when the record as a whole shows that the judge considered the defendant's submission but reasonably determined that the personal circumstances did not justify a shorter term of imprisonment. The court here did explain that it viewed Lee's unlawful possession of a firearm as an offense of a "serious nature," and cited his criminal history as a factor that supported a sentence within the advisory range. This history included two convictions for driving while intoxicated, a conviction for first-degree tampering with a motor vehicle in Missouri, a revocation of probation in connection with the tampering offense, and the commission of the instant offense while on probation. Judicial decisions recognizing the serious risks of injury arising from these offenses, *e.g.*, *United States v. McCall*, 439 F.3d 967, 972 (8th Cir. 2006) (en banc), *abrogated on other grounds by Begay v. United States*, 128 S. Ct. 1581 (2008); *United States v. Johnson*, 417 F.3d 990, 997 (8th Cir. 2005), *overruled on other grounds by United*

*States v. Williams*, 537 F.3d 969, 972 (8th Cir. 2008), and acknowledging the reasonableness of justifying a firm sentence by reference to violations of supervision, *e.g.*, *United States v. Lyons*, 450 F.3d 834, 837 (8th Cir. 2006), provide adequate context to appreciate the district court's reliance on Lee's criminal history.

Lee also argues that this court's precedent prior to *Gall* "forced the district court to apply an impermissible presumption of unreasonableness" to sentences outside the advisory guideline range. Lee did not object to the alleged application of such a presumption in the district court, and we review this argument for plain error. *United States v. Burnette*, 518 F.3d 942, 946-47 (8th Cir. 2008).

We disagree that our precedent in the period between *Booker* and *Gall* established a "presumption of unreasonableness" in this circuit for non-guideline sentences. Like a number of other circuits, we did apply a version of "proportionality review" after *Booker*, in which we required that the district judge's justifications for a sentence outside the guideline range be "proportional to the extent of the difference between the advisory range and the sentence imposed." *United States v. Gall*, 446 F.3d 884, 889 (8th Cir. 2006) (internal quotations omitted). The Supreme Court in *Gall* held that an appellate standard requiring "proportional" justifications for variances from the guideline range was inconsistent with *Booker*, *see* 128 S. Ct. at 594, but at the same time found it "uncontroversial that a major departure should be supported by a more significant justification than a minor one" when describing the responsibilities of the district courts. *Id.* at 597.

One may question whether the standard articulated in this court's pre-*Gall* proportionality review was substantively different from the Supreme Court's direction to district courts in *Gall* that "a major departure should be supported by a more significant justification than a minor one." *Id*. But accepting that the pre-*Gall* legal framework gave district courts less discretion to make a *major* variance than they now enjoy (largely because this court's pre-*Gall* review for reasonableness was less

deferential than the Supreme Court's abuse-of-discretion review in *Gall*), that change in the legal landscape is unimportant in this case. Although the Supreme Court in *Gall* rejected "an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range," *id.* at 595, our court had not applied such a rule for *all* non-guideline sentences. Our court's formulation asked whether an "*extraordinary* variance" was supported by "comparably extraordinary circumstances." *United States v. Claiborne*, 439 F.3d 479, 481 (8th Cir. 2006) (emphasis added), *vacated as moot*, 127 S. Ct. 2245 (2007). Our pre-*Gall* cases did not say that it was presumptively unreasonable for a district court to vary from the advisory guideline range to any degree whatsoever. To the contrary, in *United States v. Solis-Bermudez*, 501 F.3d 882 (8th Cir. 2007), we explained that while sentences within the advisory range "are presumptively reasonable" on appellate review, "[t]his is not to say that non-Guidelines sentences are presumptively unreasonable; they are not." *Id.* at 884-85.

Here, the district court made no mention of a "presumption of unreasonableness" for sentences outside the advisory range. The court recognized that the guidelines were "advisory" after *Booker*, (S. Tr. 10), and gave no indication that it thought "extraordinary circumstances" were required to grant even a minor variance. Whatever the district court may have believed about its authority to grant a major variance under our pre-*Gall* proportionality review, the court was not persuaded in this case to make any variance at all from the advisory range. Our precedent did not cause the district court to apply an impermissible presumption in favor of this outcome.

Finally, Lee argues that the district court's sentence was substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion. *Gall*, 128 S. Ct. at 597. Lee's sentence was within the advisory guideline range, and we therefore presume on appeal that it is substantively reasonable. *United States v. Robinson*, 516 F.3d 716, 717 (8th Cir. 2008); *see Rita*, 127 S. Ct. at 2462.

-6-

We do not believe the reasons advanced by Lee to support a more lenient sentence are sufficient to overcome the district court's wide discretion to select a sentence consistent with the Sentencing Commission's recommendation.

For these reasons, the judgment of the district court is affirmed.

_____