# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3637

_____

United States of America,    *
                             *
            Appellee,        *
                             *    Appeal from the United States
      v.                     *    District Court for the
                             *    Western District of Missouri.
David Marron-Garcia,         *
                             *
            Appellant.       *

_____

Submitted:  October 13, 2008
Filed:  February 26, 2009

_____

Before COLLOTON, BOWMAN, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

David Marron-Garcia pled guilty to unlawfully reentering the United States after he was previously deported for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2).  Under the advisory sentencing guidelines, the district court correctly calculated a guideline range of 37 to 46 months' imprisonment, based on an offense level of 21 and a criminal history category of I.  On November 14, 2007, the district court[1] denied Marron-Garcia's request for a downward variance and sentenced

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

him to 37 months' imprisonment, at the bottom of the advisory range. Marron-Garcia appeals, arguing that he should be resentenced in light of the Supreme Court's intervening decision in *Gall v. United States*, 128 S. Ct. 586 (2007). We affirm.

Prior to *Gall*, this circuit and others had applied a form of "proportionality review" to non-guideline sentences. Our cases required that the justification for a variance be "proportional to the extent of the difference between the advisory range and the sentence imposed." *United States v. Gall*, 446 F.3d 884, 889 (8th Cir. 2006) (internal quotations omitted), *rev'd*, 128 S. Ct. 586 (2007). "[T]he farther the district court varies from the presumptively reasonable guidelines range," we said, "the more compelling the justification based on the [18 U.S.C.] § 3553(a) factors must be." *United States v. McMannus*, 436 F.3d 871, 874 (8th Cir. 2006). This followed, we thought, from the Supreme Court's explanation that appellate review for "reasonableness" would "continue to move sentencing in Congress' preferred direction, helping to avoid excessive sentencing disparities while maintaining flexibility sufficient to individualize sentences where necessary." *United States v. Booker*, 543 U.S. 220, 264-65 (2005). In *Gall*, however, the Supreme Court held that an appellate rule requiring "proportional" justifications for variances from the advisory guideline range is inconsistent with *Booker*. 128 S. Ct. at 594.

Marron-Garcia argues that *Gall*'s rejection of "proportionality review" entitles him to resentencing. He contends that because *Gall* had not been decided at the time of his sentencing, the district court did not appreciate the extent of its discretion to impose a sentence below the advisory guideline range, and that a remand is required. We disagree.

We have observed that "[o]ne may question whether the standard articulated in this court's pre-*Gall* proportionality review was substantively different from the Supreme Court's direction to district courts in *Gall* that 'a major departure should be supported by a more significant justification than a minor one.'" *United States v. Lee*,

No. 07-3738, 2009 WL 48222, at *3 (8th Cir. Jan. 9, 2009) (quoting *Gall*, 128 S. Ct. at 597). But accepting that *Gall* altered the legal framework in this circuit, *id.*, the change is immaterial to this case. Our pre-*Gall* cases focused on whether *major* variances were supported by proportional justifications. One formulation asked whether an "extraordinary variance" was supported by "comparably extraordinary circumstances." *United States v. Claiborne*, 439 F.3d 479, 481 (8th Cir. 2006), *vacated as moot*, 551 U.S. 87 (2007). *Gall* rejected "an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range," 128 S. Ct. at 595, but this court's rule did not require "extraordinary" circumstances to justify every non-guideline sentence. *Lee*, 2009 WL 48222, at *3. Under this court's pre-*Gall* legal framework, district courts had "less discretion to make a *major* variance than they now enjoy," *id.*, but they had ample discretion to make a *minor* variance.

Here, the district court imposed a sentence of 37 months' imprisonment, at the bottom of the advisory guideline range. Nothing in the record suggests that the district court thought "extraordinary" circumstances were required to justify even a modest variance. Nor is there any indication that the district court considered sentences outside the advisory range presumptively unreasonable. That the district court was not persuaded to make any variance at all shows that it believed 37 months was the appropriate sentence under § 3553(a). Because nothing in our pre-*Gall* cases impermissibly constrained the district court's discretion to grant at least a minor variance based on § 3553(a), and because nothing in the record suggests that the district court thought otherwise, there is no basis to conclude that the district court's approach conflicted with *Gall*. *See United States v. Rodriguez-Rodriguez*, 530 F.3d 381, 388-89 (5th Cir. 2008) (per curiam).

The judgment of the district court is affirmed.

_____

-3-