# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3745

_____

United States of America,

      Appellee,

v.

Frederick E. Jenkins,

      Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: October 16, 2008
Filed: March 30, 2009

_____

Before RILEY, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Frederick Jenkins pleaded guilty to being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). The District Court[1] sentenced him to thirty-seven months in prison, the low end of the applicable Sentencing Guidelines range. On appeal, Jenkins contends that the District Court erred by sentencing him without adequately considering or discussing the sentencing factors set out in 18 U.S.C. § 3553(a). We affirm.

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

In response to a disturbance call, police officers were dispatched to a residence in Kansas City, Missouri. Upon arriving at the residence, the officers were told by a witness that Jenkins had caused the disturbance and had a gun. When the officers frisked Jenkins, they found .380 caliber cartridges in his pockets. They also found a .380 caliber pistol in the grass nearby.

Jenkins pleaded guilty to unlawful possession of ammunition as a previously convicted felon. See 18 U.S.C. § 922(g)(1). The United States Probation Office calculated Jenkins's sentencing range under the advisory Guidelines as thirty-seven to forty-six months' imprisonment. Jenkins did not object to this calculation. At the sentencing hearing, however, Jenkins asked the court to sentence him below the Guidelines range based on several § 3553(a) factors. In particular, Jenkins argued that a twenty-two-year-old conviction had a negative effect on his offense level and criminal history score, that he had no recent criminal history, that he was not a danger to the public, that he was of advanced age, that there was a reduced likelihood that he would recidivate, that he was involved in the community, and that he had family ties. The District Court did not vary from the Guidelines range, however, and sentenced Jenkins to thirty-seven months' imprisonment.

Jenkins asserts that the District Court committed procedural error by failing to adequately consider and discuss the § 3553(a) factors when imposing the sentence. Because Jenkins did not object at sentencing, we review only for plain error. See United States v. Gray, 533 F.3d 942, 945 (8th Cir. 2008). "Under plain-error review, the defendant has the burden to prove that there was (1) error, (2) that was plain, and (3) that affected substantial rights." United States v. Jumping Eagle, 515 F.3d 794, 801 (8th Cir. 2008). "[W]e will find that a defendant's substantial rights are affected if he can 'show a "reasonable probability," based on the appellate record as a whole, that but for the error he would have received a more favorable sentence.'" United States v. Clark, 409 F.3d 1039, 1045 (8th Cir.) (quoting United States v. Pirani, 406

F.3d 543, 552 (8th Cir.) (en banc), <u>cert. denied</u>, 546 U.S. 909 (2005)), <u>cert. denied</u>, 546 U.S. 1067 (2005).

A district court's failure to consider the sentencing factors in § 3553(a) or to adequately explain the reason for the chosen sentence can amount to a significant procedural error. <u>United States v. McGlothen</u>, 556 F.3d 698, 702 (8th Cir. 2009); <u>United States v. Lee</u>, 553 F.3d 598, 600 (8th Cir. 2009) (citing <u>Gall v. United States</u>, 128 S. Ct. 586, 597 (2007)). The Supreme Court has recognized, however, that "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." <u>Rita v. United States</u>, 551 U.S. 338, ___, 127 S. Ct. 2456, 2468 (2007). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority." <u>Id.</u> In determining whether a district court has considered the relevant § 3553(a) factors, "this court examines the entire sentencing record, not just the district court's statements at the hearing." <u>United States v. Guarino</u>, 517 F.3d 1067, 1069 (8th Cir.), <u>cert. denied</u>, 129 S. Ct. 233 (2008).

At sentencing, counsel for Jenkins addressed many of the § 3553(a) criteria in arguing for a below-Guidelines sentence. Significantly, counsel specifically referred to "the § 3553 factors" in her discussion with the court. Tr. of Sent. Proceeding at 3. She also read a letter written by Jenkins that addressed additional statutory factors. At the conclusion of counsel's argument, the District Court asked Jenkins about his criminal history. The court then imposed a sentence at the low end of the Guidelines range. The court did not make any reference to § 3553(a) or explain its sentencing decision.

Although the District Court did not explicitly mention § 3553(a), "<u>Booker</u>, <u>Rita</u>, and <u>Gall</u> were hardly obscure decisions likely to have been overlooked by federal sentencing judges, and we presume that 'district judges know the law and understand

their obligation to consider all of the § 3553(a) factors.'" Gray, 533 F.3d at 943 (quoting United States v. Carty, 520 F.3d 984, 992 (9th Cir.) (en banc), cert. denied, 128 S. Ct. 2491 (2008)). Moreover, immediately prior to sentencing, the District Court heard argument from Jenkins's counsel specifically referencing particular § 3553(a) factors. The sentencing record convinces us that the District Court properly considered the § 3553(a) criteria. Whether the District Court adequately explained the sentence imposed is a much closer call. See Guarino, 517 F.3d at 1069 ("In light of Gall, it is imperative that district courts provide an adequate explanation of their sentencing decisions so this court can ensure there is no significant procedural error.") But we need not decide whether the dearth of explanation constituted plain error because Jenkins has failed to show that any error affected his substantial rights. See United States v. Perkins, 526 F.3d 1107, 1111 (8th Cir. 2008) ("In any event, any error on the district court's part in offering no more than an abbreviated articulation of its reasoning did not prejudice Perkins's substantial rights."); Guarino, 517 F.3d at 1069 ("Nonetheless, the error is not reversible because Guarino did not meet his burden to show that it affected his substantial rights."). There is no indication that Jenkins would have received a lower sentence had the court more explicitly explained its decision.

Jenkins also argues that we must presume that Eighth Circuit precedent prior to Gall led the District Court to mistakenly believe that it could not sentence Jenkins below the advisory Guidelines range without appropriate justification. This argument is foreclosed by our decision in Lee, where we recognized:

> Our pre-Gall cases did not say that it was presumptively unreasonable for a district court to vary from the advisory guideline range to any degree whatsoever. To the contrary, in United States v. Solis-Bermudez, 501 F.3d 882 (8th Cir. 2007), we explained that while sentences within the advisory range "are presumptively reasonable" on appellate review, "[t]his is not to say that non-Guidelines sentences are presumptively unreasonable; they are not." Id. at 884–85.

-4-

553 F.3d at 602. As in <u>Lee</u>, the District Court gave no indication that it thought extraordinary circumstances must justify even a slight variance from the advisory Guidelines range, and the court was not persuaded to make any variance at all. Thus, we conclude that "[o]ur precedent did not cause the district court to apply an impermissible presumption in favor of this outcome." <u>Id.</u>

The judgment of the District Court is affirmed.

_____