# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3991

_____

United States of America,               *

                               *

        Plaintiff - Appellee,      *    Appeal from the United States

                               *    District Court for the

    v.                       *    Western District of Missouri.

                               *

Abdi M. Mahamud,           *       [UNPUBLISHED]

                               *

        Defendant - Appellant.   *

_____

Submitted: April 15, 2009
Filed: April 20, 2009

_____

Before MURPHY, BRIGHT, and BYE, Circuit Judges.

_____

PER CURIAM.

Appellant Abdi M. Mahamud challenges his sentence imposed after the district court[1] revoked his supervised release, arguing that the district court abused its discretion by "imposing an upward sentencing variance with an increase of over 300%" from the Sentencing Guidelines range. We affirm.

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

## I.

In December 2004, Mahamud pleaded guilty to one count of bank fraud and one count of wire fraud, offenses for which he received a sentence of 20 months' imprisonment and five years' supervised release. After being released from prison, the probation office, in December 2008, moved to revoke Mahamud's supervised release based on new allegations of bank and insurance fraud. At the revocation hearing, Mahamud admitted that he had violated his supervised release by committing additional criminal offenses. The presentence-investigation report recommended a sentencing range of 8-14 months' imprisonment. The district court imposed a sentence of 36 months on Count 1 of the indictment and 12 months on Count 1 of the information, to be served consecutively, for a total term of 48 months' imprisonment. This appeal follows.

## II.

"On appeal, we may consider both the procedural soundness of the district court's decision and the substantive reasonableness of the sentence imposed." *United States v. Merrival*, 521 F.3d 889, 890 (8th Cir. 2008). And "[w]e review a revocation sentence under the same 'reasonableness' standard that applies to initial sentencing proceedings." *Id.* (citing *United States v. Cotton*, 399 F.3d 913, 916 (8th Cir. 2005)). "[W]e review the substantive reasonableness of the sentence under a deferential abuse-of-discretion standard." *Id.* (citing *Gall v. United States*, 128 S. Ct. 586, 597 (2007)).

Mahamud argues specifically that the district court provided "no additional justification [for the upward variance] other than those factors that were already

adequately considered within the guideline recommendations."[2]  After our careful review of the entire record, we disagree.

We note initially that, although considering factors that have already been taken into account in the formulation of the guidelines tends to undermine sentencing uniformity, see *United States v. Solis-Bermudez*, 501 F.3d 882, 885 (8th Cir. 2007), a district court may consider such factors in its sentencing decision, see *United States v. White*, 506 F.3d 635, 645 (8th Cir. 2007).

Here, the record, including Mahamud's criminal history and his continuance of obtaining funds by fraud, justifies a sentence above the applicable guidelines range. The additional time to be served above the guidelines range is a matter that is largely commended to the discretion of the district court.  *See Gall*, 128 S. Ct. at 597 (noting that we defer to the district court's determination that a variance is justified).

After the parties presented their positions at sentencing, the district court, stated the following:

> I know that's a tough revocation sentence, but I have taken
> these things into account.  No. 1, you got a downward
> departure the first time in your sentence.  You were looking
> at 40 months, you only did 20 months.  Basically I'm

---

[2]Because Mahamud's argument, at bottom, challenges the justification for his sentence (not its procedural soundness), we construe his argument as challenging the substantive reasonableness of his sentence.  Additionally, to the extent that Mahamud's brief disputes the district court's sentence because "there are no extraordinary circumstances that justify this extraordinary sentencing variance," we reject that argument in light of *Gall*.  *See, e.g.*, *United States v. Lee*, 553 F.3d 598, 602 (8th Cir. 2009) (recognizing that "*Gall* rejected an appellate rule that requires extraordinary circumstances to justify a sentence outside the Guidelines range" (internal quotation marks omitted)).

pulling back that 20 months here to make sure that, in fact, that gets done.

Then we have actually additional crimes here. I mean, these are additional crimes that you stole more money so that there has to be some punishment for those additional crimes.

And then there is the idea that you have been absolutely brazen. There's no other word to describe it. You have been absolutely brazen in your conduct. Even though you were on supervised release for fraud, you were out committing fraud again, and not once, multiple times.

So I don't know what else to do to get across to you that if you do this, there will be serious consequences. And I have continued you on supervised release for two more years after you get out, and I want you to understand that if you continue this conduct, you will go back to jail again.

On this record, we cannot say that the district court abused its discretion by imposing this heavy sentence.

III.

Based on the foregoing, we affirm.

_____