[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2011
JOHN LEY
CLERK

No. 10-14381
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cr-14037-KMM-1

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MODESTO ANTONIO LORA,
a.k.a. Cirilo De Jesus Zapata-Lora,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 21, 2011)

Before HULL, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Modesto Antonio Lora appeals his 36-month sentence for illegal reentry into the United States following deportation subsequent to an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). He argues that the upward variance from his guideline sentencing range was unreasonable and created an unwarranted disparity with the sentences imposed on similarly situated offenders. For the reasons set forth below, we affirm.

I.

In 2010, sheriff's deputies in Florida located ten individuals on the beach at St. Lucie Inlet Park, all of whom admitted to having just arrived in the United States illegally. One of the individuals, Lora, stated that he had traveled by boat from the Bahamas with the assistance of a smuggler. Agents discovered that Lora, using the alias Cirilo De Jesus Zapata-Lora, had been convicted in New York in 1990 for the aggravated felony of attempted third-degree criminal possession of a controlled substance. He had been deported later that year to his home country of the Dominican Republic. In 2008, he was incarcerated in Ohio under a criminal-alien program and again was removed to the Dominican Republic. As to the instant 2010 reentry, he freely admitted that he did not possess immigration documents that would allow him to enter the United States, that he had not sought

permission to reenter, and that he had intentionally reentered in order to see his family members who permanently reside here.

Lora pled guilty to illegal reentry into the United States after having previously been arrested and deported, in violation of 8 U.S.C. § 1326(a), (b)(2). In calculating his guideline sentencing range, the probation office assigned a base offense level of 8, pursuant to U.S.S.G. § 2L1.2, and an eight-level enhancement for having previously been deported after a conviction for an aggravated felony, pursuant to § 2L1.2(b)(1)(C). With a 3-level adjustment for acceptance of responsibility, § 3E1.1(a)-(b), Lora had a total offense level of 13. A 2007 conviction for illegal reentry, which had led to his 2008 removal, placed him in criminal history category II. No criminal-history points were assigned for the 1990 controlled-substance conviction or for a 1995 conviction for unlicensed operation of a motor vehicle. Lora was subject to statutory maximum sentences of 20 years' imprisonment and 3 years' supervised release, as well as guideline ranges of 15-21 months' imprisonment and 2-3 years' supervised release.

At the sentencing hearing, the court noted that Lora had received a 20-month sentence for the 2007 illegal-reentry conviction, and counsel acknowledged that the instant reentry had taken place 1 day after the expiration of Lora's supervised release in that case. The court indicated that it was inclined to sentence

3

Lora above the guideline range, as the previous sentence had failed to make an effective impression on Lora. The court stated that Lora had not received "the message [that] he is not supposed to be here" and it expressed skepticism that a high-end guideline sentence of 21 months' imprisonment would be sufficient. It indicated that a 36-month sentence might "get[] his attention." Counsel argued that Lora loved his family and that the arrest had sent the message that he could not be with his family. Other than driving offenses, Lora's only previous convictions had been the 1990 drug case and the 2007 illegal-reentry case. Counsel argued that a within-guideline sentence would be appropriate.

The court noted again that this was Lora's second conviction for the same offense, and that he had reentered the United States less than two years after his most recent deportation. It then adopted the guideline calculations and found that a sentence above the guideline range was appropriate, in light of the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to afford adequate deterrence. It stated that a guideline sentence would be too similar to the previous, inadequate sentence. Accordingly, it sentenced Lora to 36 months' imprisonment and 2 years' supervised release.

II.

4

We review the substantive reasonableness of a sentence under an abuse-of-discretion standard. *United States v. Irey*, 612 F.3d 1160, 1188 (11th Cir. 2010) (*en banc*), *petition for cert. filed*, (Nov. 24, 2010) (No. 10-727). We will reverse a sentence under that standard only if the district court has made a clear error of judgment. *Id.* at 1189. When conducting this review, we take into account the totality of the facts and circumstances, including the extent of any variance from the guideline range. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). The appellant bears the burden of establishing that the sentence is unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

After *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), sentencing is a two-step process that requires the district court first to "consult the Guidelines and correctly calculate the range provided by the Guidelines," then to consider the factors in 18 U.S.C. § 3553(a) and determine a reasonable sentence. *Talley*, 431 F.3d at 786. Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant

5

with training or medical care; (6) the kinds of sentences available; (7) the sentencing guideline range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to the victims. *Id.* (discussing § 3553(a)). The sentence must be sufficient, but no greater than necessary, to punish, deter, protect the public, and provide the training and care outlined in the statute. § 3553(a).

The district court commits a clear error of judgment if it weighs the § 3553(a) factors unreasonably, thus arriving at a sentence that does not achieve the statutory purposes of sentencing. *Irey*, 612 F.3d at 1189. The court may also abuse its discretion by failing to consider relevant factors that were due significant weight, or by giving significant weight to an improper or irrelevant factor. *Id.* Nonetheless, a district court does not abuse its discretion when it merely attaches "great weight" to a single, permissible factor or set of factors. *Gall*, 552 U.S. at 56-59, 128 S.Ct. at 600-02.

Here, the district court noted that Lora previously had received a 20-month sentence for his earlier illegal-reentry conviction, and counsel acknowledged that Lora had reentered the United States 1 day after his supervised release for that conviction had expired. The court found that the earlier sentence had not deterred Lora from reentering, and it indicated that a high-end guideline sentence of 21

6

months' imprisonment was unlikely to do so, either. The court heard argument about Lora's family life and his criminal background. It then sentenced Lora to 36 months' imprisonment, approximately a 71% upward variance from the high end of his guideline range, in light of the nature and circumstances of the offense, Lora's history and characteristics, and the need to escalate the sentence in order to serve as adequate deterrence. The district court did not abuse its discretion in emphasizing the need for deterrence and the demonstrated inadequacy of a 20-month sentence. *See Gall*, 552 U.S. at 56-59, 128 S.Ct. at 600-02; *Irey*, 612 F.3d at 1188.

As to the comparative-sentencing examples discussed for the first time in Lora's initial brief, the only reasonably comparable cases are *United States v. Gamez-Mendoza*, 203 Fed.Appx. 678 (5th Cir. 2006), and *United States v. Solis-Bermudez*, 501 F.3d 882 (8th Cir. 2007). While Lora is correct that his scored criminal history is less extensive and his variance of a greater magnitude than those in *Gamez-Mendoza* and *Solis-Bermudez*, these two cases alone are insufficient to show that the district court in Lora's case created a plainly erroneous sentencing disparity in imposing the 36-month sentence. *See United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000) (holding that a sentencing argument raised for the first time on appeal is reviewed for plain error).

7

For the foregoing reasons, we affirm Lora's sentence.

**AFFIRMED.**