# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 19-2667

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Sender Joel Escobar-Soto

*Defendant - Appellant*

———————————

Appeal from United States District Court
for the District of Nebraska - Omaha

———————————

Submitted: May 11, 2020
Filed: June 4, 2020
[Unpublished]

———————————

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

———————————

PER CURIAM.

Sender Joel Escobar-Soto pleaded guilty to illegal reentry after a felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(1). The calculated Guidelines

range was ten to sixteen months and the district court[1] imposed a thirteen-month sentence. On appeal, Escobar-Soto challenges the substantive reasonableness of his sentence. We affirm.

Escobar-Soto argues that because his previous crimes (including his lengthy DUI record) were considered in the calculation of his Guidelines range, they should not have been "doubly" considered by the district court in arriving at his within-range sentence. At sentencing, the district court referenced these prior crimes during its colloquy when it explained how it arrived at the within-range thirteen-month sentence. Escobar-Soto argues that he only should have been sentenced to ten months' imprisonment and there was no basis for the "additional" three months. Too, Escobar-Soto argues that the district court erred in referencing his continued disregard of immigration regulations after Escobar-Soto expressed a fear of returning to his home country–that criminal deterrence was inappropriately used on this immigration issue.

This court considers the substantive reasonableness of a sentence under an abuse of discretion standard. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Sentences within the correctly calculated advisory Guidelines range are presumptively reasonable. United States v. Solis-Bermudez, 501 F.3d 882, 884 (8th Cir. 2007).

There is no legal support for Escobar-Soto's argument that his criminal record could only be considered in the calculation of his Guidelines sentence and not as part of the district court's consideration at sentencing. Indeed, the district court was entitled to consider whether Escobar-Soto's criminal history score accurately represented his history and likelihood of recidivism as part of a departure

---

[1]The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska.

consideration, United States Sentencing Guidelines § 4A1.3(a)(2), or as part of its 18 U.S.C. § 3553(a) analysis.  In this case we are reviewing § 3553(a) considerations.

Here, some of Escobar-Soto's prior crimes were not calculated in his criminal history.  In fact, some of his history had not impacted his criminal history score because of the age of the conviction or because he spent less than thirty days in jail, including his prior illegal entries and deportations and at least one charge where he was arrested, used an alias and failed to appear for court.  Under 18 U.S.C. § 3553(a)(1) the district court could consider Escobar-Soto's pattern of disregard for the laws of the United States and any other relevant information as part of its "history and characteristics of the defendant" consideration, as well as the other § 3553(a) considerations.  Criminal acts relevant to a departure or variance are also relevant in a district court's decision as to where within the Guidelines range to sentence a defendant.  Solis-Bermudez, 501 F.3d at 886-87 (acknowledging that in some cases the advisory sentencing scheme permits the consideration of factors either as a justification for a departure or as part of the § 3553(a) considerations).  Upon close review, in all respects the district court appropriately considered the § 3553(a) factors in arriving at the imposed sentence, which was substantively reasonable.  We affirm.

_____