# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1707

_____

United States of America

*Plaintiff - Appellee*

v.

Vachon S. Robertson

*Defendant - Appellant*

_____

No. 23-1708

_____

United States of America

*Plaintiff - Appellee*

v.

Vachon S. Robertson, also known as C

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: December 11, 2023
Filed: January 17, 2024
[Unpublished]

_____

Before GRUENDER, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Vachon Robertson pleaded guilty to possessing with intent to distribute cocaine after a prior conviction for a felony drug offense, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 851. The district court[1] departed up or, alternatively, varied up from his Guidelines range to a sentence of 46 months in prison.[2] Robertson appeals, and we affirm.

Robertson has a long history of drug crimes. Some of his convictions are so old that they do not count toward his Guidelines criminal history category. *See* U.S.S.G. § 4A1.2(e) (setting out the "Applicable Time Period" for prior sentences counted as part of a defendant's criminal history). Under the Guidelines, he had a criminal history category of III. The district court departed up to a criminal history category of IV to reflect the seriousness of his criminal history and his high risk of recidivism, resulting in a Guidelines range of 37 to 46 months in prison, instead of 30 to 37 months. The court then imposed a 46-month sentence and said that even if it was wrong to depart, it would impose the same sentence as an upward variance under the 18 U.S.C. § 3553(a) factors.

Robertson claims that the district court abused its discretion by departing up or varying up. See United States v. Shillingstad, 632 F.3d 1031, 1037 (8th Cir. 2011) (reviewing upward departure for abuse of discretion); United States v. Ridings, 75 F.4th 902, 907 (8th Cir. 2023) (same for upward variance).

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

[2]Robertson committed his offense while on supervised release. The district court also imposed a revocation sentence, which is not challenged on appeal.

A district court may depart up when "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of [his] criminal history or the likelihood that [he] will commit other crimes." U.S.S.G. § 4A1.3(a)(1). In deciding whether to depart up, the court is "free to weigh the similarity of past offenses to the instant offense, and the possibility that repeated offenses of a similar nature indicate a heightened need for deterrence." Shillingstad, 632 F.3d at 1037 (cleaned up) (citation omitted). Here, the court observed that the Guidelines did not account for several of Robertson's old cocaine-related convictions, which were part of his "unending pattern of selling cocaine that has spanned now decades." The court also found that he was "highly likely to reoffend" because he was "incorrigible in his drug dealing." Because the record supports both grounds for the upward departure, the court did not abuse its discretion. See id. at 1038; see also United States v. Green, 946 F.3d 433, 441 (8th Cir. 2019) (stating that "obvious incorrigibility" "weigh[s] in favor" of departing up (citations omitted)).

What's more, any error in departing up is harmless because the district court said that it would impose the same sentence as an upward variance. See United States v. Sitladeen, 64 F.4th 978, 990 n.4 (8th Cir. 2023). Robertson claims that the court overlooked how young he was when he committed his uncounted drug crimes and how old those convictions were. But the court *did* consider those things—it simply took the contrary yet reasonable view that they were aggravating factors because they showed a "long history" of "victimizing other people." His offense conduct was also serious, the court said, because he is not a cocaine user and so was exploiting other people's addictions "for pure profit." It was well within the court's discretion to vary up under the § 3553(a) factors based on Robertson's offense conduct, uncounted convictions, and likelihood of reoffending. See United States v. Solis-Bermudez, 501 F.3d 882, 886–87 (8th Cir. 2007) (affirming 14-month upward variance based on defendant's criminal history and risk of recidivism).

We affirm the district court's judgment.

_____