# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 24-2822

———————————————

United States of America,

*Plaintiff - Appellee,*

v.

Eddie Mull,

*Defendant - Appellant.*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: June 9, 2025
Filed: August 14, 2025
[Unpublished]

——————————

Before COLLOTON, Chief Judge, ARNOLD and GRUENDER, Circuit Judges.

——————————

PER CURIAM.

This appeal concerns a revocation of supervised release after Eddie Mull admitted to violating conditions of his release. In sentencing Mull, the district court[*]

———————————————

[*]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

varied upward from the advisory guideline sentencing range, and imposed a term of nineteen months' imprisonment with no period of supervised release to follow. Mull argues that the sentencing proceeding was flawed, but we affirm the judgment.

The relevant history of the case begins when Mull pleaded guilty to unlawful possession of a firearm as a felon in December 2019. *See* 18 U.S.C. § 922(g)(1). The district court sentenced him to thirty months' imprisonment and a two-year term of supervised release.

Two months after his release from imprisonment, the probation office alleged that Mull committed a series of violations of his conditions of supervised release. Mull admitted to one violation, and the district court revoked his term of supervised release. The court sentenced Mull within the advisory guideline range to eight months' imprisonment followed by two years of supervised release, and this court affirmed. *United States v. Mull*, No. 23-1827, 2023 WL 5164012 (8th Cir. Aug. 10, 2023).

In November 2024, Mull began his second term of supervised release. The probation office alleged a series of violations, and the case proceeded to a revocation hearing. In a pre-hearing sentencing memorandum, the government explained that Mull would admit to violations classified as Grade C, and the government agreed not to proceed with alleged Grade A and B violations. *See* USSG § 7B1.1. The memorandum explained that "after taking into consideration defendant Mull's criminal history category (VI), the resulting recommended guideline range of imprisonment under U.S.S.G. § 7B1.4(a) is 8-14 months. The statutory maximum sentence under 18 U.S.C. § 3583(e)(3) is 24 months."

At the revocation hearing, Mull admitted to four Grade C violations. The district court then invited argument from the parties before imposing sentence. Mull's attorney urged the court to "sentence Mr. Mull to the guidelines or below."

The government cited its sentencing memorandum requesting a term of twenty-four months, referred to Mull's first revocation and the circumstances involved in the violations, and suggested the statutory maximum sentence. Mull then addressed the court at length regarding his personal circumstances and requested leniency. The district court varied upward from the advisory range and imposed a term of nineteen months' imprisonment with no period of supervised release to follow.

On appeal, Mull alleges two procedural errors. First, he argues that the district court erred in failing to calculate the proper guideline range. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Second, he contends that the district court erred by failing to explain the sentence or reference the sentencing factors under 18 U.S.C. § 3553(a). *See id*.

We review these contentions for plain error because Mull did not raise the objections in the district court. Fed. R. Crim. P. 52(b). To obtain relief, Mull must show an error that is plain, affects his substantial rights, and seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 736 (1993).

The court did not commit plain error with respect to calculation of the guideline range. The advisory guideline range was correctly calculated in the government's sentencing memorandum, and both parties at the revocation proceeding referred to it. The district court's failure to state the range on the record does not constitute obvious error where the record makes clear that the parties and the court agreed on the applicable range.

The district court's explanation of the sentence imposed was minimal. The court said only that "it is now the order and judgment of the Court pursuant to the Sentencing Reform Act of 1984 that the defendant now be committed to the custody of the Bureau of Prisons for a term of 19 months."

In reviewing the district court's explanation of its reasons, however, we look to "the entire sentencing record, not merely the district court's statements at the hearing." *United States v. Mays*, 993 F.3d 607, 619 (8th Cir. 2021) (internal quotation omitted). The court had received the government's sentencing memorandum urging an upward variance. The record contained Mull's presentence investigation report detailing his criminal history and documents from Mull's initial sentencing and revocation proceedings that were considered by the same judge. The court heard argument from the parties on aggravating factors related to Mull's criminal history and mitigating factors concerning his personal life. The court said that it levied the sentence "[p]ursuant to the Sentencing Reform Act of 1984," which of course includes the relevant statutory factors.

The extent of the explanation that a district court must provide varies according to the circumstances of the case. *United States v. Lee*, 553 F.3d 598, 600 (8th Cir. 2009). Having presided over the entirety of Mull's proceedings, the district court was well aware of the defendant's criminal history and supervised release violations. Given this context, an elaborate discussion was unnecessary. Although the court did not articulate a rationale, it is not difficult to infer that the court arrived at an upward variance from the advisory range based on Mull's extensive criminal history and incorrigibility on supervision, as urged by the government.

Even assuming that the court's recitation of the sentence without elaboration amounts to plain procedural error, Mull has not demonstrated that any error affected his substantial rights. We have explained that "an appellant raising a forfeited objection to the court's statement of reasons confronts a daunting task in convincing a court of appeals that a more detailed explanation would have resulted in a lighter sentence." *United States v. Chavarria-Ortiz*, 828 F.3d 668, 671 (8th Cir. 2016). An explanation for the upward variance was readily available here, and we see no reasonable probability that the district court would have imposed a more lenient sentence if the judge had spelled out his reasons on the record.

-4-

The judgment of the district court is affirmed.

_____