# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3771
_____

United States of America

*Plaintiff - Appellee*

v.

Xavion Omoware

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: May 23, 2014
Filed: August 5, 2014

_____

Before RILEY, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

Xavion Omoware pleaded guilty to being a felon in possession of a firearm, see 18 U.S.C. § 922(g)(1). His total offense level under the United States Sentencing Guidelines was 17, and he had a criminal history category of VI, which together created an advisory Guidelines range of 51–63 months. The presentence investigation identified no factors that might warrant a departure from the range.

After hearing arguments from both sides, the district court[1] imposed a sentence of 72 months imprisonment, three years supervised release, and a $100.00 special assessment. Mr. Omoware's counsel objected at the hearing to any sentence above 63 months, asserting that neither she nor Mr. Omoware received advance notice "of an upward departure" from his Guidelines range. For this reason, here on appeal, Mr. Omoware contends that his sentence is procedurally flawed and that he should be resentenced. We affirm.

Because the issue in this case is whether Mr. Omoware and his counsel received proper notice of the district court's intent to depart from the advisory Guidelines range, we exercise *de novo* review. See United States v. Levine, 477 F.3d 596, 606 (8th Cir. 2007).

Under Federal Rule of Criminal Procedure 32(h),

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

However, Rule 32(h) notice "'is not required when the adjustment to the sentence is effected by a variance, rather than by a departure.'" Levine, 477 F.3d at 606 (quoting United States v. Long Soldier, 431 F.3d 1120, 1122 (8th Cir. 2005)); United States v. Moore, 683 F.3d 927, 931 (8th Cir. 2012) ("Rule 32(h) applies only to departures and not to variances."). "'Departure' is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the

---

[1] The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

-2-

Guidelines." Irizarry v. United States, 553 U.S. 708, 714 (2008); United States v. Mireles, 617 F.3d 1009, 1012 n.2 (8th Cir. 2010). In contrast, a "variance" is a non-Guidelines sentence based on the § 3553(a) statutory sentencing factors. See 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary, to [achieve Congressional purposes of sentencing].").

In this case, the district court imposed a variance and not a departure. After correctly calculating Mr. Omoware's advisory Guidelines range, the judge asked Mr. Omoware's counsel whether she "want[ed] to make a statement with regard to mitigation," or if she wanted to "confine [her] statements to 3553(a) factors and variance." Mr. Omoware's counsel replied, "3553(a)." She then proceeded to tether her arguments to the § 3553(a) factors, which means she was advocating for a downward variance for Mr. Omoware, not for a traditional Guidelines-based departure. See United States v . Washington, 515 F.3d 861, 866 (8th Cir. 2008) (examining the record to determine whether the district court varied or departed from the Guidelines range).

Further, after considering Mr. Omoware's arguments, as well as the government's responses, the district judge discussed several § 3553(a) factors before imposing his sentence. He discussed the nature and circumstances of the offense, see, e.g., Sentencing Hearing Transcript at 19–20 (discussing the events that led to Mr. Omoware's arrest); the history and characteristics of Mr. Omoware, see, e.g., id. at 22 ("[T]his is your third felon in possession charge."); and the need for the court to choose a sentence that promotes respect for the law, reflects the seriousness of the offense, provides adequate deterrence, and protects the public from future crimes that may be committed by Mr. Omoware. See generally id. at 27–34. Lastly, in his statement of reasons, the district judge expressly indicated that he had imposed a non-Guidelines sentence based on his consideration of the § 3553 factors, not based on any departure from Mr. Omoware's Guidelines range.

For these reasons, we reject Mr. Omoware's argument that he was entitled to advance notice before the district court imposed a sentence outside his advisory-Guidelines range. The judgment is affirmed.

_____