# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-2545

_____

United States of America

*Plaintiff - Appellee*

v.

Miguel Soto

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fort Smith

_____

Submitted: January 12, 2015
Filed: February 24, 2015

_____

Before RILEY, Chief Judge, COLLOTON and KELLY, Circuit Judges.

_____

RILEY, Chief Judge.

Miguel Soto pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court[1] sentenced Soto to 87 months imprisonment. Soto appeals his sentence, arguing the district court failed to

---

[1]The Honorable P.K. Holmes III, Chief Judge, United States District Court for the Western District of Arkansas.

(1) provide notice of an upward departure from the United States Sentencing Guidelines (U.S.S.G. or Guidelines) in violation of Federal Rule of Criminal Procedure 32(h), and (2) allow his attorney "a meaningful opportunity" to comment on Soto's role in the conspiracy in violation of Federal Rule of Criminal Procedure 32(i)(1)(C). After filing his brief in our court, Soto filed in the district court an unopposed motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which the district court granted. With appellate jurisdiction under 28 U.S.C. § 1291, we affirm Soto's sentence.

## I. BACKGROUND

Soto pled guilty, pursuant to an agreement with the government, to conspiring to distribute methamphetamine. Before sentencing, a probation officer prepared a presentence investigation report (PSR) calculating a two-level reduction to Soto's Guidelines base offense level, based on U.S.S.G. § 3B1.2(b), for being a minor participant in the conspiracy, which would require a commensurate four-level reduction under U.S.S.G. § 2D1.1(a)(5)(iii). Based on these and several other reductions, the PSR ultimately computed an offense level of 27. Considering Soto's criminal history level I, the PSR reached an advisory Guidelines range of 70 to 87 months imprisonment. In Soto's plea agreement, the government agreed "not to object to a finding by the probation office or a ruling by the court which awards the defendant an appropriate level decrease in the base offense level for [his] role in the offense."

At the same time, Soto acknowledged in his plea agreement that the district court "may sentence [Soto] to any sentence within the statutory range." Soto also "acknowledge[d] that discussions have taken place concerning the possible guideline range which might be applicable to this case" and "agree[d] that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the district court."

Although the government did not object to the minor participant reduction, the district court rejected it, explaining, "The Court does not believe that Mr. Soto was a minor participant and is not entitled to a mitigating role, but I am going to give Mr. Soto's counsel an opportunity to argue this point, if he wishes to make argument." After describing Soto's role in the conspiracy, the district court stated, "[T]he Court does not believe that [Soto] is a minimal [sic] participant and, therefore, is going to deny [the reduction] . . . there may be other facts that are not in the [PSR], if you wish to make that argument, you may." Soto's attorney responded, "No, sir, Your Honor. At this point in time I would ask the Court to accept the recommendation of the probation officer about his role as being minor in the offense." The district court adopted the probation officer's recommendations in the PSR except for the minor participant reduction and found Soto's offense level to be 33, with an advisory Guidelines range of 135 to 168 months.

Next, the district court granted the government's motion for a downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1 and reduced Soto's offense level by four levels, from 33 to 29. The district court then found Soto's final advisory Guidelines range was 87 to 108 months.

Finally, the district court considered the factors in 18 U.S.C. § 3553(a) and heard argument from Soto's attorney for a downward variance. Based on Soto's involvement in the conspiracy and the seriousness of the offense, the district court did not vary downward and sentenced Soto to a term of imprisonment at the bottom of the advisory Guidelines range, 87 months.

II.    DISCUSSION

A.    Standard of Review

Because Soto did not raise his present objections before the district court, we review for plain error. See United States v. Troyer, 677 F.3d 356, 358-59 (8th Cir. 2012) (explaining plain error review).

**B.     Federal Rule of Criminal Procedure 32(h)**

Soto characterizes the district court's decision not to reduce his base level under U.S.S.G. § 3B1.2(b) for a minor role in the conspiracy as an "upward departure" and claims the district court procedurally erred by not giving notice as required by Federal Rule of Criminal Procedure 32(h). See Fed. R. Crim. P. 32(h) ("Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure."). Soto misstates the district court's analysis and decision.

"'Departure is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines,'" United States v. Omoware, 761 F.3d 951, 952 (8th Cir. 2014) (quoting Irizarry v. United States, 553 U.S. 708, 714 (2008)), such as the downward departure granted to Soto for substantial assistance pursuant to U.S.S.G. § 5K1.1. In an attempt to avoid misunderstandings like Soto's, we have advised district courts on an appropriate process for sentencing hearings:

> Since [United States v. Booker, 543 U.S. 220 (2005)], we have attempted to carefully distinguish between sentencing departures, which are provided for in Chapter 5, Part K of the United States Sentencing Guidelines (USSG) Manual . . . , and sentencing variances, which are non-Guidelines sentences based on the factors enumerated in 18 U.S.C. § 3553(a). In order to maintain this distinction and to facilitate meaningful appellate review, we have directed district courts to follow a three-step sentencing process. First, the district court must calculate the appropriate advisory Guidelines range based on the applicable offense level and the criminal history category. Then, the district court should consider whether any traditional Guidelines-based departures apply. And only after completing steps one and two should the district court then consider the other § 3553(a) factors to decide whether to impose a Guidelines or non-Guidelines sentence [i.e., whether to vary].

-4-

United States v. Solis-Bermudez, 501 F.3d 882, 884 (8th Cir. 2007) (internal citations omitted). The district court correctly followed our proposed sequence when it (1) found the applicable offense level—without the minor participant reduction—and calculated the advisory Guidelines range; (2) applied a four-level downward departure in recognition of Soto's substantial assistance to the government; and (3) then considered the § 3553(a) factors and any possible variance.

The district court did not "depart" when it assessed Soto's role in the conspiracy and decided to forego the minor participant reduction.[2] Rather, the district court performed step one of the process, calculating the advisory Guidelines range. Rule 32(h) by its terms applies to departures only, not to the initial calculation of the Guidelines range. Soto does not cite any case, nor have we found one, that supports extending the requirements of Rule 32(h) to the initial Guidelines range calculation. We conclude "such an extension [would be] apt to complicate rather than to simplify sentencing procedures." Irizarry, 553 U.S. at 716; cf. United States v. Foy, 617 F.3d 1029, 1035 (8th Cir. 2010) ("As we have explained, . . . 'notice pursuant to Rule 32(h) is not required when the adjustment to the sentence is effected by a variance, rather than by a departure.'" (quoting United States v. Long Soldier, 431 F.3d 1120, 1122 (8th Cir. 2005))).

In support of his argument, Soto also asserts the district court did not address the § 3553(a) factors *before* making the minor participant decision. Soto concludes then the decision must have been a departure and not a variance. Soto is only factually correct: The district court could neither discuss the § 3553(a) factors nor consider whether to vary from the advisory Guidelines range before the district court determined the range in the first place. The district court at step one set forth in detail

---

[2]Soto claims the district court "by its own language, called its upward ruling a 'departure.'" After careful scrutiny of the sentencing hearing transcript, we find the district court did not use the term "departure" in connection with the proposed, and rejected, minor participant reduction.

its reasons for denying the minor participant reduction, some of which overlap with the § 3553(a) factors. The district court then invited Soto's attorney to make an argument in favor of the reduction, which Soto's attorney declined, other than referring to the PSR recommendation.

Soto bore the burden of persuading the district court to apply the two-level minor participant reduction. See United States v. Pruneda, 518 F.3d 597, 606 (8th Cir. 2008). That Soto claims he was "blindsided" by the district court's decision and did not have "any clue" the issue would be contested does not absolve him of his well established burden. The PSR itself twice put the issue in the conditional, noting what would result "*[i]f* the defendant" received the reduction. First, for the minor participant reduction: "If the defendant was a minor participant in any criminal activity, decrease by 2 levels. USSG § 3B1.2(b)." Second, for the corresponding reduction: "If the defendant receives an adjustment under USSG § 3B1.2 and the base offense level under subsection (c) is 38, decrease by 4 levels. USSG § 2D1.1(a)(5)(iii)." Soto's purported surprise does not trigger Rule 32(h). See Irizarry, 553 U.S. at 716 ("'Garden variety considerations of culpability, criminal history, likelihood of re-offense, seriousness of the crime, nature of the conduct and so forth should not generally come as a surprise to trial lawyers who have prepared for sentencing.'" (quoting United States v. Vega-Santiago, 519 F.3d 1, 5 (1st Cir. 2008) (en banc))). The district court did not need to provide Rule 32(h) notice to determine Soto's advisory Guidelines range.

## C. Federal Rule of Criminal Procedure 32(i)(1)(C)

Soto also claims the district court plainly erred by not "allow[ing] the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence." Fed. R. Crim. P. 32(i)(1)(C). On the contrary, the district court invited Soto's attorney to address the court regarding the (1) minor participant reduction to the offense level; (2) downward departure for substantial

assistance; and (3) § 3553(a) factors. The district court properly followed the dictates of Rule 32(i)(1)(C).

## III.   CONCLUSION

Finding no error, we affirm Soto's sentence.

_____