# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1034
_____

United States of America

*Plaintiff - Appellee*

v.

Keniko Duane Bland

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota - St. Paul
_____

Submitted: February 8, 2016
Filed: March 14, 2016
[Unpublished]
_____

Before SHEPHERD, BEAM, and KELLY, Circuit Judges.
_____

PER CURIAM.

Keniko Bland pleaded guilty to illegal receipt of firearms by a person under indictment in violation of 18 U.S.C. § 922(n).  Based on an offense level of 19 and a criminal history category of III, his advisory sentencing range under the Sentencing Guidelines was 37–46 months.  The presentence investigation report prepared by a probation officer further suggested that "[a]n upward departure may be warranted

pursuant to § 4A1.3." That section of the Sentencing Guidelines permits the sentencing court to impose a higher sentence if it determines that the defendant's "criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes," and provides a number of factors for the court to consider in making that determination. USSG § 4A1.3(1)–(2).

At the sentencing hearing, Bland asked for a sentence of twenty-four months' imprisonment, while the government requested forty months. The district court[1] declined both proposals and sentenced Bland to fifty-seven months' imprisonment – eleven months more than the top of the advisory guidelines range and three months less than the statutory maximum.

Bland first argues that the district court erred in imposing an upward departure under USSG § 4A1.3(a). However, both the sentencing transcript and the statement of reasons issued by the district court after sentencing indicate that the sentence was based on an upward *variance* rather than a departure. "'Departure' is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines." Irizarry v. United States, 553 U.S. 708, 714 (2008). A "variance," by contrast, is a non-guidelines sentence based on the sentencing factors set forth at 18 U.S.C. § 3553(a). United States v. Omoware, 761 F.3d 951, 952 (8th Cir. 2014). The fact that an upward departure under USSG § 4A1.3(a) is unavailable does not necessarily preclude an upward variance that is based at least in part on similar factors, see United States v. Solis-Bermudez, 501 F.3d 882, 886–87 (8th Cir. 2007), and we find no procedural error.

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

Bland also argues that the sentence he received was substantively unreasonable. We review the reasonableness of the district court's sentence for abuse of discretion, and a district court abuses its discretion only when it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotation marks omitted). Bland asserts that the district court did not give sufficient weight to the unfortunate circumstances in which Bland was raised: Bland's mother struggled with drug abuse, while his father was a gang member who exposed him to gangs at a young age. Bland spent part of his childhood in foster care, and obtained most of his high school education in juvenile placement facilities. These are certainly relevant factors in determining a reasonable sentence. But the district court did consider them, stating that "as far as your history and characteristics, certainly there is no doubt that you had a difficult childhood, and there are significant mitigating factors that exist there." It simply found them outweighed by other § 3553(a) factors, especially other aspects of his history and characteristics and the nature and circumstances of his offense.

"The court's emphasis on the defendant's criminal history and the nature of the offense falls within a sentencing court's substantial latitude to determine how much weight to give the various factors under § 3553(a)." United States v. Timberlake, 679 F.3d 1008, 1012 (8th Cir. 2012) (internal quotation marks omitted); see also United States v. Wisecarver, 644 F.3d 764, 774 (8th Cir. 2011) ("The district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within the wide latitude given to individual district court judges in weighing relevant factors."). Here, the court pointed out the multiple times Bland had possessed firearms in his young life, the fact that incarceration as a juvenile "seem[ed] to have had no impact him whatsoever," and the dangerous nature and circumstances of the offense – both the fact that he used straw purchasers to buy the firearms and the fact that the firearms

themselves were of a particularly dangerous sort.  The district court was also mindful of avoiding unwarranted sentencing disparities, finding Bland's conduct was not "significantly different from [his] codefendant" Diontre Hill, who received a 65-month sentence.  Sentencing Bland to fifty-seven months' imprisonment was not an abuse of discretion, and the sentence was not substantively unreasonable.

The judgment of the district court is affirmed.

_____